354

(No. 32079.—)

The American Steel and Wire Company of New Jersey, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Fred A. Simons *et al.*, Defendants in Error.)

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

Knapp, Cushing, Hershberger & Stevenson, of Chicago, (Harlan L. Hackbert, of counsel,) for plaintiff in error.

Hassel B. Smith, and Robert P. Sullivan, (Thomas C. Angerstein, and George W. Angerstein, of counsel,) all of Chicago, for defendants in error.

Mr. Justice Fulton delivered the opinion of the court:

The American Steel and Wire Company, hereinafter referred to as the employer, filed a petition for writ of error with this court seeking to review an order of the circuit court of Will County affirming an award of the Industrial Commission awarding the parents of Robert Simons, a deceased employee, compensation for partial dependency upon him to the extent of 30 per cent.

From the record it appears that on June 4, 1949, Robert Simons was found dead in the Joliet plant of the employer.

Death was apparently due to electrocution. His parents filed an application for adjustment of claim alleging that they were dependent upon him for their support. The arbitrator before whom the evidence was taken awarded them compensation as being 10 per cent partially dependent upon their son. Both parties sought review of this award by the Industrial Commission. The Industrial Commission found the parents to be 30 per cent partially dependent upon their son and awarded compensation for the maximum amount recoverable by partial dependents under section 7(c) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1947, chap. 48, par. 144(c),) in the total amount of $4875.

From the evidence it appears that Robert Simons was 21 years of age and had been employed by the wire company since 1947, having dropped out of high school about six months before graduation. It was stipulated that his average weekly wages were $62.85. Robert lived with his parents at the time of the accident. The family household consisted of seven people, his parents, twin brothers 23 years of age, and his mother's father and brother. The twin brothers had been attending school in Chicago or Joliet and one of them was employed at the time of the accident. The grandfather and uncle were not employed and the decedent's mother was not employed. The father was employed as an engineer for the Santa Fe Railroad and his daily wage was $13.57 or about $300 per month on a 12-month basis. The twin who was working was contributing about $15 per week into the family fund and the deceased contributed in the neighborhood of $40 per week to the family fund.

The parents testified that they made payments of $48 per month on the five-room frame house they were purchasing, $45 per week for groceries, $30 to $35 a year for taxes, about $13 to $15 a month for utility bills, and a little over $100 a year for heat.

The petitioners contend that the decision of the circuit court and the Industrial Commission is contrary to the decision of our court in the case of *Rock Island Bridge and Iron Works* v. *Industrial Com.* 287 Ill. 648. In that case a 26-year-old son lived with his parents, his two adult sisters and his 10-year-old brother. The father was 63 years of age, in bad health and did not work, but did own some property and had an income of about $500 a year. The evidence showed that the father gave the mother $40 a month and that the deceased gave her $50 a month. The commission found that the mother was dependent upon him to the extent of 56 per cent of total dependency and made an award based upon that determination. Upon review by our court we held that there was no basis for the finding that dependency was 56 per cent of the total dependency but that the finding of partial dependency, whatever its degree, entitled the claimant, however, to the minimum award. We reversed the cause with directions to the circuit court to grant a minimum award. In that case we stated, "The $50 a month contributed to his mother by the deceased was not given and was not used for her support and maintenance alone. There is no evidence from which it can be ascertained how much or what proportion either of the $50 or of the $90 was used for the support and maintenance of the mother. * * * The additional $50 was a general benefit to the family, but there is no basis in the evidence for determining what proportion of it was used for the support of the mother and what proportion for general family expenses." We held that there was no basis for arriving at the finding of 56 per cent of total dependency.

In the case at bar there is no evidence indicating that the father, who is a regularly employed locomotive engineer, was personally dependent for support and maintenance upon his son. No dependency here is claimed for the decedent's twin brothers, nor for his uncle and grandfather.

Counsel for the parents contend that on questions of dependency this court should not disturb the findings of the Industrial Commission, and cite the case of *LaSalle County Carbon Coal Co.* v. *Industrial Com.* 356 Ill. 421, and other cases, including *Weil-Kalter Mfg. Co.* v. *Industrial Com.* 376 Ill. 48, and *Obear-Nester Glass Co.* v. *Industrial Com.* 398 Ill. 342. In the latter case we stated, page 346, "Moreover, the Workmen's Compensation Act, especially in determining questions of dependency, should receive a common-sense and liberal construction."

It seems to us that a common-sense and liberal construction of the act requires that an award of partial dependency be set aside when one of the supposed dependent parents is earning $300 a month and the rest of the family consists of a wife and two sons 23 years of age, one of whom is employed and is contributing $15 a week to the household. We are not unmindful of our decisions in the cases of *Peterson* v. *Industrial Com.* 331 Ill. 254, or *Ritzman* v. *Industrial Com.* 353 Ill. 34, and by our decision here we do not mean to say that a dependency award will not be upheld unless the dependent received the necessities of life from the deceased employee. We do hold, however, that where there is an able-bodied father receiving $300 per month and two able-bodied brothers, both older than the deceased employee, that there must be a more specific showing of dependency than is presented in the record before we will sustain such an award. The dependency for which awards are provided by the act must be actual and not speculative.

The judgment of the circuit court of Will County is reversed and the award of the Industrial Commission set aside.

*Judgment reversed; award set aside.*