The People of the State of Illinois on the Relation of Floyd Miller, Plaintiff-Appellee, v. City of Granite City, a Municipal Corporation, Donald Partney, Mayor, Homer Pendleton, City Clerk, Gene Sternberg, et al., Defendants-Appellants.

Gen. No. 67–35.

Fifth District.
October 25, 1967.

234

Richard Allen, of Granite City (Dick H. Mudge, Jr., of Edwardsville, of counsel), for appellants.

Paul L. Pratt, of East Alton, for appellee.

CREBS, J.

On January 30, 1967, plaintiff filed his Petition for Writ of Mandamus to require the redistricting of the City of Granite City into seven wards instead of the existing eight wards. Summons was issued returnable February 6 and the cause set for hearing February 7. On February 7 the motion to dismiss was argued and denied. After the ruling on the motion defendants requested time to file an answer and agreed to have an answer on file the following day. This request was denied and the court proceeded to hear the case on the merits. Defendants were permitted to make an oral denial of the petition. The hearing was concluded on February 7. On February 9, without notice to defendants, plaintiff was permitted to file an amended prayer for relief and the writ was ordered to issue.

The writ provided that defendants redistrict into seven wards "with approximately the same population in each ward in accordance with the One Vote—One Man guideline established by the Supreme Court of the United States and in accordance with the provisions of Chapter 24, Section 3–4–7 of the Illinois Revised Statutes; that redistricting by said City Council of Granite City, Illinois be made on or before December 1, 1968." It also provided that the alderman to be elected on April 4, 1967 should be elected at large.

■ After the issuance of the writ there were some further motions which are not material as regards this appeal. The appeal acted as a supersedeas so the election on April 4, 1967, was not held at large. However, since the writ was issued, the validity of the order for an at large election is still not moot. Daniels v. Cavner, 404 Ill 372, 88 NE2d 823.

■ ■ "The writ of mandamus is an extraordinary legal remedy and is used to coerce action when it is clearly shown that the law imposes a duty upon the respondent to act in the particular manner requested. The writ only

236

issues to compel a respondent to act when it is his duty to do so without the writ." Myers v. Sanitary Dist. of Chicago, 386 Ill 542 at 549, 54 NE2d 505. The statute makes no provision for an at large election of aldermen nor was it requested in plaintiff's prayer for relief, either in its original or amended form. It was error to order an at large election.

Section 3–4–10 of chapter 24 of Illinois Revised Statutes provides: "Whenever an official publication of any national, state, school, or city census shows that any city contains more or less wards than it is entitled to, the city council of the city, by ordinance, shall redistrict the city into as many wards only as the city is entitled. This redistricting shall be completed not less than 60 days before the time fixed for the next succeeding general election for city officers. At this election there shall be elected the number of aldermen to which the city is entitled."

The legislature apparently concluded that an attempt to redistrict within 60 days of an election would create disorder and confusion. Under the authority of People ex rel. Bruce v. Dunne, 258 Ill 441, 101 NE 560, even without the statutory prohibition, a court would not be justified in ordering redistricting by writ of mandamus immediately before an election. At the time of the hearing on the motion it was too late to redistrict before the April 4th election. There was no emergency or reason for precipitous action.

■ ■ Defendants also contend that it was error to require them to go to trial immediately after their motion to dismiss had been argued and denied. While a considerable discretion must be left to the trial court in matters of pleading, it is a judicial and not an arbitrary discretion. Under the circumstances of this case, where a motion raising substantial questions was filed on time and argued the day following its being filed, we hold the

denial of defendants' request for one day's time in which to file answer was error.

Defendants object to the evidence in regard to the population of the city. In view of the provisions of chapter 24, section 1–7–2 which provides for judicial notice of the latest federal, state or municipal census, this should not be a problem when the case is retried.

Writ quashed and cause remanded for further proceedings consistent with this opinion.

GOLDENHERSH and EBERSPACHER, JJ., concur.