(No. 43099.— <span style="background:black"></span>

CARL MORELAND, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ADLAI E. STEVENSON III, State Treasurer, Appellee.)

*Opinion filed December 4, 1970.*

JOSEPH A. LONDRIGAN, of Springfield, (THOMAS F. LONDRIGAN, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE and ROBERT B. WILLIAMS, Assistant Attorneys General, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The Industrial Commission denied Carl Moreland's pe-

tition for lump sum payment of the commuted value of the life pension due him from the Special Fund. The circuit court of Sangamon County affirmed the Commission's order, and petitioner has appealed directly to this court.

On June 4, 1968, the Industrial Commission found that Carl Moreland had sustained accidental injuries arising out of and in the course of his employment causing the permanent and complete loss of use of his right arm. Finding also that Moreland had earlier suffered the permanent and complete loss of use of his left arm, the Commission declared him to be totally and permanently disabled. Petitioner was awarded compensation for a period of total temporary incapacity and for the total loss of use of his right arm, payable by his employer. In addition, the Commission found that he was entitled to receive a lifetime pension. Since he had been totally and permanently disabled in a 'second injury', the pension was made payable from the Special Fund provided for in paragraph (f) of section 7 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1967, ch. 48, par. 138.7(f).) The Commission's award provided for the pension to be paid in monthly payments of $218.75, pursuant to the directives of paragraph (f) of section 8 of the Act. Ill. Rev. Stat. 1967, ch. 48, par. 138.8(f).

The Industrial Commission approved Moreland's petition for lump sum payment of the amounts due from his employer, and Moreland then filed a petition requesting that the monthly pension payable from the Special Fund be commuted on the basis of an alleged 25.27 years life expectancy to the lump sum of $31,342.50, and that this amount be paid him in a lump sum. Both petitions were filed under section 9 of the Act, which provides in relevant part:

"Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the Commission, asking that such compensation be so paid. If, upon proper notice to the interested parties and a proper show-

ing made before such Commission or any member thereof, it appears to the best interest of the parties that such compensation be so paid, the Commission may order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at 3% per annum with annual rests.

"In cases indicating complete disability no petition for a commutation to a lump sum basis shall be entertained by the Commission until after the expiration of 6 months from the date of the injury." Ill. Rev. Stat. 1967, ch. 48, par. 138.9.

The Commission denied the request, finding that it had no jurisdiction to entertain a petition for lump sum payment of a pension payable out of the Special Fund. The circuit court of Sangamon County reversed the Commission's order, and remanded the cause for a hearing on the merits. Following such hearing, the Commission denied the petition on the grounds that it was not in the best interests of the parties to commute the pension to a lump sum payable immediately. This order was affirmed by the circuit court, which noted that granting the petition would reduce the Fund from a balance of $168,375.11 to an amount below the $150,000 minimum balance specified in the Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e)(20), thereby requiring payments into the fund to be at the maximum rate. The court further noted that there were 95 former employees currently entitled to payments from the Fund, and that granting only five lump sum awards similar to the one sought by petitioner would deplete the Fund and render it inadequate as to the remaining payees. Petitioner appeals from this decision, and concedes that the issue of the Commission's jurisdiction is a material issue upon this appeal.

The provision of the Act which establishes the Special Fund provides: "It is considered always appropriated for

the purposes of disbursements as provided in Section 8, paragraph (f), of this Act, and shall be paid out and disbursed as therein provided and shall not at any time be appropriated or diverted to any other use or purpose." (Ill. Rev. Stat. 1969, ch. 48, par. 138.7(f).) As heretofore noted, paragraph (f) of section 8, under which petitioner was awarded a pension, provides in part: "Such pension shall be paid monthly." Also, it further provides: "In its award the Commission or the Arbitrator shall specifically find * * * the date upon which the pension payments commence and the monthly amount of the payments. * * * The Treasurer shall 30 days after the date upon which payments out of the Special Fund have begun as provided in the award, and every month thereafter, mail to the injured employee, or at the option of the State Treasurer, to some bank in the county in which he resides for delivery to him, a check or draft payable out of the Special Fund, for all compensation accrued to that date at the rate fixed in the award. * * * The Special Fund is appropriated for the purpose of making payments according to the terms of the awards." Ill. Rev. Stat. 1969, ch. 48, par. 138.8(f).

We believe it is clear from the provisions above that the Special Fund may only be disbursed according to the terms provided for awards under paragraph (f) of section 8. With regard to petitioner's pension, the award necessarily provided for monthly payments. These specific limitations as to awards and payments of pensions from the Special Fund must be held controlling as against the general provision in section 9 for lump sum payments. (See *People ex rel. Myers* v. *Pennsylvania Railroad Co.,* 19 Ill.2d 122, 129; *People ex rel. Goodman* v. *Wabash Railroad Co.,* 395 Ill. 520; *Ashton* v. *County of Cook,* 384 Ill. 287; *Frank* v. *Salomon,* 376 Ill. 439.) This is particularly true when it is considered that we must read the Act as a whole, and adopt the practical interpretation which was intended by the legislature. (*K. and R. Delivery, Inc.* v. *Industrial Com.,* 11

Ill.2d 441, 445; *American Steel and Wire Co. of New Jersey* v. *Industrial Com.,* 411 Ill. 354; *Illinois Zinc Co.* v. *Industrial Com.,* 366 Ill. 480.) The Special Fund is maintained by limited assessments against those employers liable for an award due to an employee's death or loss of a member. (Ill. Rev. Stat. 1969, ch. 48, pars. 138.7(f), 138.8(e) 20.) The fund is designed to maintain a balance between $150,000 and $250,000; the balance is examined twice yearly, and the fund's receipts cease whenever the balance reaches the maximum amount. (Ill. Rev. Stat. 1969, ch. 48, par. 138.8 (e) 20.) As the circuit court noted in its opinion, the fund would be rapidly depleted and unable to continue payments of pensions if lump sum payments were allowed. Further, we believe the policy of protecting the employee is better served by the interpretation we adopt, for it seems unlikely that the lump sum payment provision was intended to embrace the Special Fund, the payments from which are always made to totally disabled persons. Dissipation of lump sum payments by these individuals could often result in their becoming public charges. We therefore conclude that the legislature did not intend in section 9 to grant the Industrial Commission jurisdiction to consider petitions for lump sum payment of pensions from the Special Fund.

Petitioner has suggested that it might constitute a denial of equal protection for the Act to deny a person permanently and totally disabled by the combined effect of two accidents the opportunity to gain lump sum payment of the pension provided by the Special Fund, when persons so disabled in a single accident may gain lump sum payment of the pension paid by their employer. However, we do not view the different treatment of the two classes of permanently and totally disabled persons as arbitrary or unreasonable. The entire framework of the Special Fund provisions is designed to promote the welfare and employability of handicapped persons; insofar as the Act distinguishes between totally disabled persons who had previously been handicapped and

those who had not, we find no denial of equal protection. See *Arview* v. *Industrial Com.,* 415 Ill. 522; *Chicago Journal Co.* v. *Industrial Com.,* 305 Ill. 46.

We affirm the judgment of the circuit court of Sangamon County for the reason that the Industrial Commission was without jurisdiction to entertain a petition for lump sum payment of a pension payable out of the Special Fund.

*Judgment affirmed.*