FOSS, SCHUMAN & DRAKE, Plaintiffs-Appellants, *v.* EMIL VACIN, Mayor of Berwyn, Defendant-Appellee.

First District (2nd Division)   Nos. 77-209, 77-474 cons.

Opinion filed February 21, 1978.

George C. Pontikes, Richard Kuhlman, and Sheldon Gardner, all of Chicago, for appellants.

Gierach, Stambulis & Schussler, Ltd., of Oak Lawn, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from an order entered by the circuit court of Cook County, dismissing with prejudice plaintiffs' complaint for a writ of mandamus directed at defendant, Emil Vacin, Mayor of Berwyn, Illinois. The order stated that there was no cause to delay its enforcement or appeal.

Plaintiffs, the law firm of Foss, Schuman & Drake, were retained by the city of Berwyn, Illinois on January 5, 1976 to represent Berwyn in various legal matters. Plaintiffs were to perform litigation services, negotiate on behalf of Berwyn with respect to a garbage workers strike, and represent Berwyn in the city's efforts to transfer garbage removal from municipal to private services. Plaintiffs, allegedly, diligently represented Berwyn in the performance of the aforementioned duties.

On May 17, 1976, plaintiffs submitted a statement in the amount of $23,499.15 to the city for legal services rendered during January and February of 1976. The Berwyn City Council, on May 24, 1976, apparently declared plaintiffs' statement for legal services rendered a legal obligation upon the city and directed defendant Emil Vacin, Mayor of Berwyn, to issue a check payable to plaintiff in the amount indicated on the statement. The mayor vetoed the action of the city council but the council overrode the veto, allegedly causing the directive of the city council to remain in full force and effect.

The refusal of defendant to compensate plaintiffs for legal services rendered prompted plaintiffs' initiation, in the circuit court of Cook County of an action for a writ of mandamus, directing the defendant Mayor of Berwyn to compensate plaintiffs. Subsequent to the commencement of the action, a lengthy procedural history ensued. Defendant filed a motion to strike plaintiffs' complaint for a writ of mandamus and plaintiffs filed a response thereto. Plaintiffs then filed a motion for summary judgment. The circuit court denied defendant's motion to strike the complaint but granted defendant's motion to strike plaintiffs' motion for summary judgment.

Defendant subsequently filed an answer and affirmative defenses to plaintiffs' complaint and thereafter both plaintiffs and defendant moved for summary judgment. The circuit court litigation finally terminated on November 4, 1976, when the court entered an order dismissing plaintiffs' action for a writ of mandamus due to plaintiffs' failure to establish a clear and indisputable right to such writ. It is from this order that plaintiffs appeal.

Plaintiffs sought to compel its compensation from defendant through the use of the writ of mandamus. Mandamus is an "extraordinary remedy" thus we must first consider its propriety in the case at bar.

The writ of mandamus is a summary writ issued from a court of competent jurisdiction commanding the officer or officers to whom it is addressed to perform some public duty which the relator is entitled of right to have performed and which the party owing the duty has failed to perform. (*People ex rel. Heydenreich v. Lyons* (1940), 374 Ill. 557, 30 N.E.2d 46.) Mandamus lies to compel the performance of the public duty only when the right to the performance is clear and indisputable. Mandamus will not lie for the collection of debts, but is proper to enforce payment of a claim ascertained to be due. This ascertainment is usually by a judgment. *People ex rel. Rude v. County of LaSalle* (1941), 378 Ill. 578, 39 N.E.2d 25. See generally Allen, *Mandamus, Quo Warranto, Prohibition, and Ne Exeat*, 1960 U. Ill. L.F. 102 (1960).

Based upon these principles of law it is evident that plaintiffs' action for a writ of mandamus was premature. Plaintiffs' alleged entitlement to $23,499.15 in legal fees was never reduced to a legal

judgment, in that amount, against defendant. Consequently, we cannot hold that plaintiffs had a clear and indisputable right to the fees. The action for mandamus would be appropriate only if plaintiffs obtained a judgment against defendant and defendant persisted in his refusal to compensate plaintiffs. At that point mandamus would provide the proper remedy for plaintiffs by compelling defendant to perform a public duty.

Plaintiffs' action for a writ of mandamus was premature and properly dismissed with prejudice by the circuit court. Therefore, the judgment of · the circuit court of Cook County is affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.