GERSON B. FIELD *et al.*, Plaintiffs-Appellants, v. H. B. ROLLINS *et al.*, Defendants-Appellees.—GERSON B. FIELD, Plaintiff-Appellant, v. JAMES H. DONNEWALD, Treasurer of the State of Illinois, *et al.*, Defendants-Appellees.

First District (2nd Division)   Nos. 86—1686, 86—1706 cons.

Opinion filed June 16, 1987.—Rehearing denied July 14, 1987.

Gerson B. Field, *pro se*, of Lisco & Field, and Sidney Z. Karasik, both of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Robert J. Ruiz, Michael J. Brennan, and Beverly N. Masuda, Assistant Attorneys General, of Chicago, of counsel), for appellee James H. Donnewald.

JUSTICE BILANDIC delivered the opinion of the court:

These consolidated appeals arise from several unsuccessful actions of Gerson B. Field (plaintiff), an attorney, seeking to compel payment of attorney fees out of the so-called "Second Injury Fund" established by the Illinois Workers' Compensation Act. Ill. Rev. Stat. 1985, ch. 48, par. 138.7(f).

H. B. Rollins, the employee whom plaintiff represented, was declared "totally and permanently disabled" and, therefore, entitled to receive $296 per week for life, as provided in paragraph 138.8(e)(18) of the Workers' Compensation Act (the Act). (Ill. Rev. Stat. 1985, ch. 48, par. 138.8(e)(18).) Crouch-Walker Corporation, Rollins' employer, was ordered to make the first 150 weeks of payments. The remainder of the payments are to be made by the Treasurer of the State of Illinois, custodian of the "Second Injury Fund" (the Fund). The Industrial Commission also awarded plaintiff attorney fees of 20% of the amount due Rollins for 364 weeks of total permanent disability in the sum of $21,548.80. Rollins paid a portion of the fees so that the present balance due is $17,963.12. Plaintiff was unable to collect the balance when his client moved out of the jurisdiction.

On *certiorari*, the circuit court affirmed the award of plaintiff's attorney fees. Rollins thereafter refused to authorize the Comptroller of the State of Illinois, who administers the Fund, to deduct 20% from his periodic disability pension payments to satisfy the award of attorney fees. In the meantime, Rollins moved to Mississippi.

Plaintiff instituted garnishment proceedings against the Treasurer of the State of Illinois, ex-officio Custodian of the Second Injury Fund. The parties submitted memoranda of law on the issue whether garnishment would attach to the Fund to enforce collection of the attorney fees.

The court ruled that the Fund is immune from claims of judgment creditors and that the custodian of the Fund is bound only to make disbursements to the injured employee because the Fund "shall not at any time be appropriated or diverted to any other use or purpose." (Ill. Rev. Stat. 1985, ch. 48, par. 138.7(f).) Accordingly, the garnish-

ment proceedings were dismissed.

While garnishment proceedings were pending, plaintiff filed a complaint for *mandamus* in the Chancery Division, naming Rollins, his employer, the Chairman of the Industrial Commission, the Treasurer of the State of Illinois, and the Comptroller of the State of Illinois. Plaintiff's complaint prayed that a writ of *mandamus* issue directing the Comptroller of the Fund "to issue a separate warrant, draft or check for payment in an amount equal to 20% of the payments being made to H. B. Rollins until *** $17,963.12 has been paid to Gerson B. Field in satisfaction of the judgment heretofore obtained for attorney fees."

Briefs were filed by the Attorney General on behalf of the State officials. The court dismissed the complaint for *mandamus*. After a motion for reconsideration was denied, this appeal followed.

The issue presented is whether attorney fees for representing an injured employee, awarded pursuant to the Workers' Compensation Act, may be recovered from the Second Injury Fund. This issue has not been determined in Illinois and, therefore, is a case of first impression.

■ The purpose of the Fund is to enhance the employability of handicapped persons who previously lost a member or its use, or the sight of an eye, by limiting the liability of employers hiring or retaining such persons in their employment, and at the same time, to afford such handicapped persons the proper measure of compensation if a second loss was sustained, with industry itself bearing the burden of such losses. (*Arview v. Industrial Com.* (1953), 415 Ill. 522, 530, 114 N.E.2d 698.) The Fund is accumulated by funds paid by employers under certain specified circumstances. (415 Ill. 522, 529, 114 N.E.2d 698.) The statute provides that payments made pursuant to the Act shall not be "held liable in any way for any lien, debt, penalty or damages." (Ill. Rev. Stat 1985, ch. 48, par. 138.21.) The Fund is "appropriated for the purpose of making payments according to the terms of the awards." Ill. Rev. Stat. 1985, ch. 48, par. 138.8(f).

■ In the instant case, plaintiff acknowledges that workers' compensation payments are protected from the reach of judgment creditors. (*Crane Co. v. Loome* (1960), 25 Ill. App. 2d 61, 69, 165 N.E.2d 728.) However, plaintiff asserts that the Act itself confers to an attorney under these facts a special status entitling him to payment of approved fees according to the terms of the award granted by the Commission. He asserts that the attorney fees, when approved by the Commission, are on the same level as that award granted to the injured party.

Plaintiff relies on section 16a of the Act to support his argument. (Ill. Rev. Stat. 1985, ch. 48, par. 138.16a.) This section provides that attorney fees shall not exceed "20% of the amount of compensation recovered and paid" to the injured employee. (Ill. Rev. Stat. 1985, ch. 48, par. 138.16a(B).) The Act further provides that "[a]ll attorneys' fees for representation of an employee or his dependents shall be only recoverable from compensation actually paid to such employee or dependents." Ill. Rev. Stat. 1985, ch. 48, par. 138.16a(I).

It is clear that attorney fees approved by the Industrial Commission rise to the same level as the award granted to the injured employee. Payment of attorney fees out of the Fund is entirely consistent with the language of the Act stating that the attorney fees "shall be only recoverable from the compensation actually paid to [the] employee." (Ill. Rev. Stat. 1985, ch. 48, par. 138.16a(I).) This is particularly true because we must read the Act as a whole and adopt the practical interpretation which was intended by the legislature. *Moreland v. Industrial Com.* (1970), 47 Ill. 2d 273, 276, 265 N.E.2d 161.

Reading the Act as a whole and giving the provisions the practical and liberal interpretation intended by the legislature, there is no just reason why plaintiff should not receive his fees from the same source from which the injured employee receives his disability pension. Both originate from the Industrial Commission's order and apply to the same source of funds to pay the awards. Thus, the trial court erred in dismissing the garnishment proceedings.

■ In view of our determination that attorney fees are included in and should be paid from the same proceeds received by the injured employee according to the terms of the award, it follows that it is the duty of the Treasurer and the Comptroller to make disbursements in accordance with the orders of the Industrial Commission covering disability pension and attorney fees. Therefore, it was error to dismiss the complaint for *mandamus*.

■ *Mandamus* is an extraordinary remedy to compel the performance of a duty against one charged with such a duty. (*People ex rel. Miller v. Granite City* (1967), 87 Ill. App. 2d 234, 236-37, 231 N.E.2d 272.) *Mandamus* lies to compel the performance of the public duty when the right to the performance is clear and indisputable. *Foss, Schuman & Drake v. Vacin* (1978), 57 Ill. App. 3d 660, 661, 373 N.E.2d 706.

The Act directs the Treasurer and Comptroller to make disbursements in accordance with the orders of the Industrial Commission. In the instant case, the Industrial Commission awarded a disability pension and attorney fees. Therefore, the duty of the Treasurer and

Comptroller being clear and indisputable, it was error to dismiss the complaint for *mandamus*.

Accordingly, the judgments of the circuit court of Cook County are reversed and remanded with directions to enter orders consistent with the views expressed in this opinion.

Reversed and remanded.

STAMOS and HARTMAN, JJ., concur.