# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Dratewska-Zator v. Rutherford**, 2013 IL App (1st) 122699

---

| | |
|---|---|
| Appellate Court Caption | GRAZYNA DRATEWSKA-ZATOR, Plaintiff-Appellant, v. DAN RUTHERFORD, Illinois State Treasurer, as *ex officio* Custodian of the Illinois Injured Workers' Benefit Fund; MITCH WEISZ, in His Official Capacity as Chairman of the Illinois Workers' Compensation Commission; MITCH WEISZ, THOMAS TYRRELL, CHARLES DEVRIENDT, DAVID GORE, DANIEL DONOHOO, YOLAINE DAUPHIN, MICHAEL LATZ, KEVIN LAMBORN, RUTH WHITE, and MARIO BASURTO, in Their Official Capacities as Commissioners of the Illinois Workers' Compensation Commission, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-2699 |
| Filed<br>Rehearing denied | September 13, 2013<br>October 23, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's complaint seeking a judgment against the Illinois State Treasurer for a workers' compensation award entered against plaintiff's employer, which did not have insurance, and a writ of *mandamus* compelling payment from the Illinois Workers' Benefit Fund was properly dismissed on the grounds that the claim against the Treasurer was barred by sovereign immunity and that plaintiff failed to establish a clear right to relief as to the *mandamus* claim. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-51413; the Hon. Daniel T. Gillespie, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Brian J. Wiehe and Matthew J. Belcher, both of Belcher Law Office, of Chicago, for appellant. |
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Mary C. Labrec, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion. Justices Hall and Lampkin concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff Grazyna Dratewska-Zator (Dratewska-Zator) appeals an order of the circuit court of Cook County dismissing her amended complaint against defendants Illinois State Treasurer Dan Rutherford (Treasurer) in his capacity as *ex officio* custodian of the Illinois Injured Workers' Benefit Fund (Fund), Mitch Weisz (Weisz) in his official capacity as Chairman (Chairman) of the Illinois Workers' Compensation Commission (Commission), and Weisz, Thomas Tyrrell, Charles Devriendt, David Gore, Daniel Donohoo, Yolaine Dauphin, Michael Latz, Kevin Lamborn, Ruth White and Mario Basurto in their official capacities as commissioners (Commissioners) of the Commission. On appeal, Dratewska-Zator argues: (1) her claim against the Treasurer for a judgment on the full amount of an award received from the Commission states a cause of action for which effective relief may be granted and is not barred by sovereign immunity; (2) her claims against the Chairman and the Commissioners for *mandamus* also state a cause of action; and (3) her claims are not barred by the doctrine of exhaustion of administrative remedies. For the following reasons, we affirm the judgment of the circuit court.

¶ 2                                      BACKGROUND

¶ 3    Dratewska-Zator's amended complaint, filed on April 12, 2012, alleged the following facts. In April 2006, Dratewska-Zator was involved in an accident compensable under the Illinois Worker's Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2004 & Supp. 2005)). At the time of the accident, Dratewska-Zator's employer failed to have valid workers' compensation insurance. Accordingly, Dratewska-Zator added the Treasurer as a party to the claim, in his capacity as *ex officio* custodian of the Fund. As the amended complaint explains, the Fund is a special statutory fund created by the Act, which holds

penalties collected by the Commission from employers who violate the insurance requirements of the Act and disburses moneys to eligible claimants injured while working for uninsured employers. See 820 ILCS 305/4(d) (West Supp. 2005).

¶ 4       On June 8, 2011, the Commission entered an award in favor of Dratewska-Zator.[1] The Commission awarded Dratewska-Zator temporary total disability benefits totaling $2,904.38, while also ordering that the employer would receive a $500 credit for payments made prior to arbitration. The Commission in addition awarded a total of $17,141.52 in permanent partial disability payments. The Commission further awarded $35,470.86 for medical expenses in accordance with a fee schedule,[2] as the employer did not dispute the nature of Dratewska-Zator's injury and there was no evidence her treatment was not reasonable and necessary. Neither the employer nor the Treasurer appealed the Commission's decision.

¶ 5       Dratewska-Zator notified the Commission of her award. The Commission subsequently sent Dratewska-Zator's counsel a letter dated October 31, 2011, purportedly accompanying payment from the Fund. The letter stated all claims for fiscal year 2011 were being paid at "100% of the claimed amount, after necessary adjustments," including "any direct reimbursements made to the Department of Healthcare and Family Services." The letter explained Dratewska-Zator was not entitled to reimbursement for her medical expenses because the cost of all of her medical treatment was paid by the Department of Healthcare and Family Services, which was directly reimbursed by the Fund.

¶ 6       Dratewska-Zator allegedly received a partial payment from the Fund in the amount of $16,641.52, which did not include payment for medical expenses or the award of temporary total disability benefits. In her appellate brief, Dratewska-Zator states she subsequently received the latter amount, leaving only the amount representing medical expenses in dispute.

¶ 7       On December 7, 2011, Dratewska-Zator filed suit against defendants in the circuit court. Dratewska-Zator's amended complaint is divided into three counts. Count I seeks entry of judgment against the Treasurer and Dratewska-Zator's employer for the amount awarded but not paid to Dratewska-Zator by the Commission, plus costs and attorney fees, pursuant to section 19(g) of the Act (820 ILCS 305/19(g) (West 2004)). Count II seeks a writ of *mandamus* compelling the Chairman of the Commission to pay 100% of the amount purportedly due Dratewska-Zator under the Commission's award to her. Count III seeks a similar writ of *mandamus* against the Commissioners.

¶ 8       On May 10, 2012, the Treasurer filed a hybrid motion to dismiss count I of the amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-

---

[1] The record elsewhere indicates Dratewska-Zator's claim was initially denied by an arbitrator. Dratewska-Zator successfully appealed the denial before the Commission.

[2] Under the Act, in a case of accidental injury not resulting in death, the employer generally "shall provide and pay the negotiated rate, if applicable, or the lesser of the health care provider's actual charges or according to a fee schedule, subject to Section 8.2" of the Act. 820 ILCS 305/8(a) (West Supp. 2005). Section 8.2 of the Act governs the Commission's establishment of the fee schedules. 820 ILCS 305/8.2 (West Supp. 2005).

619.1 (West 2010)). The motion asserted the claim against the Treasurer should be dismissed pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2010)) because: (1) section 19(g) of the Act specifically excludes applying for judgment "in the case of a claim against the State of Illinois"; and (2) the application for judgment challenges the propriety of the Commission's determination to reduce payment to Dratewska-Zator based on the direct reimbursement to the Department of Healthcare and Family Services, an issue the Treasurer maintained was within the exclusive jurisdiction of the Commission under section 18 of the Act (820 ILCS 305/18 (West 2004)). The Treasurer's motion also asserted count I of the amended complaint should be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2010)), asserting the circuit court cannot grant effective relief because the Commission, rather than the Treasurer, has the statutory authority and duty to pay awards from the Fund.

¶ 9        On May 10, 2012, Dratewska-Zator's employer also filed a hybrid motion to dismiss count I of the amended complaint pursuant to section 2-619.1 of the Code. The motion asserted the claim against the employer should be dismissed pursuant to section 2-619 of the Code because the employer paid the compensation due under the award to the Fund. The motion also maintained the claim against the employer should be dismissed pursuant to section 2-615 of the Code, asserting section 4(d) of the Act prohibits the fund from paying Dratewska-Zator's costs and attorney fees.

¶ 10        On June 14, 2012, the Chairman and Commissioners filed a combined hybrid motion to dismiss counts II and III of the amended complaint pursuant to section 2-619.1 of the Code. The motion asserted the claims against these defendants should be dismissed pursuant to section 2-619 of the Code, arguing Dratewska-Zator failed to exhaust her administrative remedies where section 18 of the Act provided "[a]ll questions arising under this Act *** shall, except as otherwise provided, be determined by the Commission." 820 ILCS 305/18 (West 2004). The motion also maintained counts II and III should be dismissed pursuant to section 2-615 of the Code, arguing Dratewska-Zator cannot allege a clear right to the full award because section 8(a) of the Act provides that where a medical payment is not in dispute, an employer "shall make such payment to the provider on behalf of the employee." 820 ILCS 305/8(a) (West Supp. 2005).

¶ 11        Dratewska-Zator responded to these motions, and following a hearing on September 11, 2012, the circuit court entered an order dismissing Dratewska-Zator's amended complaint with prejudice. On the same date, Dratewska-Zator filed a timely notice of appeal to this court. Dratewska-Zator subsequently filed a motion to proceed with her appeal against only the Treasurer, Chairman and Commissioner, as her employer had filed for bankruptcy. On December 7, 2012, this court granted Dratewska-Zator's motion to proceed.

¶ 12                                              DISCUSSION

¶ 13        On appeal, Dratewska-Zator contends the circuit court erred in dismissing her amended complaint pursuant to section 2-619.1 of the Code, which allows a party to file a motion combining a section 2-615 motion to dismiss (see 735 ILCS 5/2-615 (West 2010)) with a

section 2-619 motion to dismiss (see 735 ILCS 5/2-619 (West 2010)). 735 ILCS 5/2-619.1 (West 2010). A section 2-615 motion to dismiss challenges the legal sufficiency of the nonmovant's pleadings whereas a section 2-619 motion to dismiss admits the legal sufficiency of the nonmovant's pleadings, but asserts certain defects or defenses. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009).

¶ 14     When reviewing the legal sufficiency of a claim under section 2-615, the inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences which may be drawn from those facts as true, are sufficient to establish a cause of action upon which relief may be granted. *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008). Exhibits attached to a complaint are considered part of the pleading for every purpose, including the decision on a motion to dismiss. *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 18.

¶ 15     The purpose of a section 2-619 motion to dismiss, however, is to dispose of issues of law and easily proven issues of fact at the outset of litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). A section 2-619 motion for involuntary dismissal asserts affirmative matters such as defenses of sovereign immunity (*e.g.*, *Joseph Construction Co. v. Board of Trustees of Governors State University*, 2012 IL App (3d) 110379, ¶ 17) or the plaintiff's failure to exhaust administrative remedies (*Consolidated Freightways Corp. of Delaware v. Human Rights Comm'n*, 305 Ill. App. 3d 934, 938 (1999)).

¶ 16     When we review motions filed pursuant to sections 2-615 and 2-619 of the Code, we accept all well-pleaded facts as true and accord all reasonable inferences to the nonmoving party. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. We review a circuit court's decision on a motion to dismiss pursuant to section 2-615 or section 2-619 of the Code under the *de novo* standard. *Id.* Moreover, "[a] dismissal order may be affirmed 'if it is justified in the law for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial court, or its specific findings, are correct or sound.' " *BDO Seidman, LLP v. Harris*, 379 Ill. App. 3d 918, 923 (2008) (quoting *Natural Gas Pipeline Co. of America v. Phillips Petroleum Co.*, 163 Ill. App. 3d 136, 142 (1987)).

¶ 17     In this appeal, Dratewska-Zator argues: (1) her claim against the Treasurer for a judgment on the full amount of an award received from the Commission states a cause of action for which effective relief may be granted and is not barred by sovereign immunity; (2) her claims against the Chairman and the Commissioners for *mandamus* also state a cause of action; and (3) her claims are not barred by the doctrine of exhaustion of administrative remedies. The defendants respond: (1) count I is barred by sovereign immunity and does not state a claim against the Treasurer upon which effective relief may be granted; and (2) counts II and III do not state a claim against the Chairman and Commissioners because Dratewska-Zator cannot properly allege a clear right to relief. We first turn to consider whether Dratewska-Zator's claim against the Treasurer is defeated by sovereign immunity.

¶ 18                                          Count I

¶ 19     Section 2-619(a)(1) of the Code (735 ILCS 5/2-619(a)(1) (West 2010)) provides for dismissal of a cause of action due to the trial court's lack of subject-matter jurisdiction.

*Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1045 (2009). Sovereign immunity originally was a common-law doctrine which protected the government from being sued unless the government consented to be sued. *Jackson v. Alverez*, 358 Ill. App. 3d 555, 559 (2005). Section 4 of article XIII of the Illinois Constitution of 1970 (Ill. Const. 1970, art. XIII, § 4) declared sovereign immunity to be abolished "[e]xcept as the General Assembly [might] provide by law." The General Assembly subsequently passed the State Lawsuit Immunity Act (745 ILCS 5/0.01 to 1.5 (West 2012)), which states in pertinent part:

> "Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, and Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1 (West 2012).[3]

Thus, sovereign immunity was reestablished, with statutory exceptions. The exceptions to sovereign immunity do not have to be expressed in the acts listed in section 1 of the State Lawsuit Immunity Act. *Lynch v. Department of Transportation*, 2012 IL App (4th) 111040, ¶ 23. The legislature may waive sovereign immunity in other statutes, but the waiver has to be "clear and unequivocal." *Id.* If a statute provides a remedy in general language without clearly specifying the remedy is available against the State, the State retains its sovereign immunity. *In re Special Education of Walker*, 131 Ill. 2d 300, 304 (1989); *Department of Revenue v. Appellate Court of Illinois, First District*, 67 Ill. 2d 392, 396 (1977).

¶ 20        Sovereign immunity "protects the State from interference in its performance of the functions of government and preserves its control over State coffers." (Internal quotation marks omitted.) *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 159 (2010). "The determination of whether an action is an action against the state depends on the issues raised and the relief sought." *Jinkins v. Lee*, 209 Ill. 2d 320, 330 (2004). As to the issues raised, an action is against the State when there are:

> " '(1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.' " *Healy v. Vaupel*, 133 Ill. 2d 295, 309 (1990) (quoting *Robb v. Sutton*, 147 Ill. App. 3d 710, 716 (1986)).

"Regarding the relief sought, a court must also consider whether the relief sought is such that 'a judgment for the plaintiff could operate to control the actions of the State or subject it to liability.' " *Jinkins*, 209 Ill. 2d at 330 (quoting *Currie v. Lao*, 148 Ill. 2d 151, 158 (1992)).

¶ 21        Two sections of the Act particularly address the nature of the cause of action and the relief sought in this matter. The cause of action alleged in count I is an application for entry of judgment under section 19(g) of the Act, which provides in pertinent part:

> "Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the

---

[3]The prior version of the statute was substantially similar, excepting an additional exception under the Clean Coal FutureGen for Illinois Act. 745 ILCS 5/1 (West 2010).

Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly entered in an action duly tried and determined by the court, and shall with like effect, be entered and docketed. The Circuit Court shall have power at any time upon application to make any such judgment conform to any modification required by any subsequent decision of the Supreme Court upon appeal, or as the result of any subsequent proceedings for review, as provided in this Act.

Judgment shall not be entered until 15 days' notice of the time and place of the application for the entry of judgment shall be served upon the employer by filing such notice with the Commission, which Commission shall, in case it has on file the address of the employer or the name and address of its agent upon whom notices may be served, immediately send a copy of the notice to the employer or such designated agent." 820 ILCS 305/19(g) (West 2004).

The purpose of this section is to permit speedy entry of judgment. *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 268 (1978). Accordingly, the circuit court's inquiry under section 19(g) is limited to a determination of whether the requirements of the section have been met. *Id.* " 'Only tender of full payment of the final award is a defense to a section 19(g) petition.' " *Aurora East School District v. Dover*, 363 Ill. App. 3d 1048, 1055 (2006) (quoting *Michael v. Fansteel, Inc.*, 235 Ill. App. 3d 961, 964 (1992)).

¶ 22    Dratewska-Zator seeks relief in the form of a judgment against the Treasurer because she ultimately seeks payment of her full award from the Fund, which was created by section 4(d) of the Act and provides in pertinent part:

"Penalties and fines collected pursuant to this paragraph (d) shall be deposited upon receipt into a special fund which shall be designated the Injured Workers' Benefit Fund, of which the State Treasurer is ex-officio custodian, such special fund to be held and disbursed in accordance with this paragraph (d) for the purposes hereinafter stated in this paragraph (d), upon the final order of the Commission. The Injured Workers' Benefit Fund shall be deposited the same as are State funds and any interest accruing thereon shall be added thereto every 6 months. The Injured Workers' Benefit Fund is subject to audit the same as State funds and accounts and is protected by the general bond given by the State Treasurer. The Injured Workers' Benefit Fund is considered always appropriated for the purposes of disbursements as provided in this paragraph, and shall be paid out and disbursed as herein provided and shall not at any time be appropriated or diverted to any other use or purpose. Moneys in the Injured Workers' Benefit Fund shall be used only for payment of workers' compensation benefits for injured employees when the employer has failed to provide coverage as determined under this paragraph (d)

and has failed to pay the benefits due to the injured employee. The Commission shall have the right to obtain reimbursement from the employer for compensation obligations paid by the Injured Workers' Benefit Fund. Any such amounts obtained shall be deposited by the Commission into the Injured Workers' Benefit Fund. If an injured employee or his or her personal representative receives payment from the Injured Workers' Benefit Fund, the State of Illinois has the same rights under paragraph (b) of Section 5 that the employer who failed to pay the benefits due to the injured employee would have had if the employer had paid those benefits, and any moneys recovered by the State as a result of the State's exercise of its rights under paragraph (b) of Section 5 shall be deposited into the Injured Workers' Benefit Fund. The custodian of the Injured Workers' Benefit Fund shall be joined with the employer as a party respondent in the application for adjustment of claim. After July 1, 2006, the Commission shall make disbursements from the Fund once each year to each eligible claimant. An eligible claimant is an injured worker who has within the previous fiscal year obtained a final award for benefits from the Commission against the employer and the Injured Workers' Benefit Fund and has notified the Commission within 90 days of receipt of such award. Within a reasonable time after the end of each fiscal year, the Commission shall make a disbursement to each eligible claimant. At the time of disbursement, if there are insufficient moneys in the Fund to pay all claims, each eligible claimant shall receive a pro-rata share, as determined by the Commission, of the available moneys in the Fund for that year. Payment from the Injured Workers' Benefit Fund to an eligible claimant pursuant to this provision shall discharge the obligations of the Injured Workers' Benefit Fund regarding the award entered by the Commission." 820 ILCS 305/4(d) (West Supp. 2005).

As with a section 2-619 dismissal generally, our standard of review for issues of statutory construction is *de novo*. *Nelson v. County of Kendall*, 2013 IL App (2d) 120635, ¶ 10. Our primary objective in interpreting the Act is to ascertain and give effect to the intent of the legislature. *Id.* The Act's plain language is the most reliable indicator of the legislature's intent. *Id.* (citing *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390, 415 (2006)). In addition, " 'where the same, or substantially the same, words or phrases appear in different parts of the same statute they will be given a generally accepted and consistent meaning, where the legislative intent is not clearly expressed to the contrary.' " *Maksym v. Board of Election Commissioners*, 242 Ill. 2d 303, 322 (2011) (quoting *Moran v. Katsinas*, 16 Ill. 2d 169, 174 (1959)).

¶ 23        Section 2 of the Act provides "[t]he State of Illinois hereby elects to provide and pay compensation according to the provisions of [the] Act." 820 ILCS 305/2 (West 2004). Section 19(g) of the Act, however, expressly excepts claims against the State of Illinois. 820 ILCS 305/19(g) (West 2004). Dratewska-Zator argues this exception "only refers to claims of state employees against the state as the employer." Dratewska-Zator, however, concedes there is no precedent on the issue of whether section 19(g) of the Act applies to claims against the Treasurer for payment from the Fund. Dratewska-Zator instead argues section 19(g) should be construed similarly to section 19(f)(1) of the Act, which has a similar exception and has been construed as precluding judicial review of state employee

compensation claims. *E.g.*, *Raschillo v. Industrial Comm'n*, 47 Ill. 2d 359, 361 (1970); *Yonikus v. Industrial Comm'n*, 228 Ill. App. 3d 333, 336-37 (1992).

¶ 24    Neither of the cases Dratewska-Zator cites, however, limits the exception in section 19(f)(1) (and by extension, section 19(g)) to claims brought by state employees against their employer. Indeed, both cases were decided prior to the creation of the Fund in 2005. See Pub. Act 94-277, § 10 (eff. July 20, 2005). The plain language of the exception is not limited to claims by state employees.[4] Accordingly, we must address the question of whether Dratewska's claim is "against the State," which requires us to consider the nature of the cause of action and the relief sought.

¶ 25    Regarding the nature of the cause of action, Dratewska-Zator relies heavily upon *Field v. Rollins*, 156 Ill. App. 3d 786 (1987). In *Fields*, the employee whom the plaintiff-attorney represented was declared totally and permanently disabled and entitled to receive $296 per week for life. The employer was ordered to make the first 150 weeks of payments with the remaining payments to be made by the Treasurer in his capacity as custodian of the "Second Injury Fund."[5] The attorney was awarded fees of 20% of the amount due to the injured employee for 364 weeks of total permanent disability, but was unable to collect the balance when his client moved out of the jurisdiction. *Id.* at 787. Moreover, the client refused to authorize the Comptroller of the State of Illinois, who administered the Second Injury Fund, to deduct 20% from his periodic disability pension payments to satisfy the award of attorney fees. *Id.*

¶ 26    The attorney instituted garnishment proceedings against the Treasurer, and filed a complaint for *mandamus*, naming his client, the employer, the Chairman of the Industrial Commission, the Treasurer of the State of Illinois, and the Comptroller of the State of Illinois as defendants. *Id.* at 787-88. The circuit court dismissed both claims. *Id.* This court, ruling attorney fees approved by the Commission are on the same level as the award granted to the injured party, concluded the circuit court erred in dismissing the garnishment proceedings, and by logical extension erred in dismissing the complaint for *mandamus*. *Id.* at 789.

¶ 27    In this case, Dratewska-Zator argues this court should reach the same result as *Fields*, based on the similarities between the Second Injury Fund and the Fund at issue in this case. Compare 820 ILCS 305/4(d) (West Supp. 2005), with 820 ILCS 305/7(f) (West 2004). The nature of the claims in *Fields*, however, differs from the claim asserted in this case. Our supreme court has ruled a garnishment proceeding imposes on an employer "only the duty to answer interrogatories and hold subject to the order of the court any nonexempt wages due or which become due within the period provided by statute" and, thus, "is clearly

_____

[4]Indeed, the provision of the Act most arguably limited to the State as employer is the State's election under section 2 of the Act. See 820 ILCS 305/2 (West 2004).

[5]"The purpose of the [Second Injury] Fund is to enhance the employability of handicapped persons who previously lost a member or its use, or the sight of an eye, by limiting the liability of employers hiring or retaining such persons in their employment, and at the same time, to afford such handicapped persons the proper measure of compensation if a second loss was sustained, with industry itself bearing the burden of such losses." *Id.* at 788.

-9-

distinguishable from an action in which a judgment or decree is sought against a defendant and does not serve to make the State 'a defendant or party' within the contemplation of the [State Lawsuit] Immunity Act." *First Finance Co. v. Pellum*, 62 Ill. 2d 86, 91 (1975). Similarly, *mandamus* is an available remedy against the State because sovereign immunity affords no protection when it is alleged the State's agents acted in violation of statutory or constitutional law or in excess of their authority. *Hyde Park Medical Laboratory, Inc. v. Court of Claims*, 259 Ill. App. 3d 889, 894 (1994) (citing *Healy*, 133 Ill. 2d at 308). In this case, Dratewska-Zator seeks a judgment. Thus, *Fields* does not dictate the outcome in this case.

¶ 28      Examining Dratewska-Zator's cause of action in count I of the amended complaint against the criteria our supreme court endorsed in *Healy*, we find no allegations that the Treasurer acted beyond the scope of his authority. Indeed, section 4(d) of the Act provides the Treasurer is to disburse funds upon the final order of the Commission, but after July 1, 2006, the disbursements are subject to the annual determination made by the Commission. See 820 ILCS 305/4(d) (West Supp. 2005). Count I does not allege a breach of duty owed to the public generally independent of the fact of the Treasurer's state employment. Moreover, the complained-of actions involve matters within the Treasurer's normal and official functions under section 4(d) of the Act. Accordingly, the nature of the cause of action in count I of the amended complaint is against the State. See *Healy*, 133 Ill. 2d at 309.

¶ 29      Turning to the relief sought, Dratewska-Zator argues the funds at issue are not state funds and do not implicate sovereign immunity. The Fund "shall be deposited the same as are State funds" and "is subject to audit the same as State funds and accounts." 820 ILCS 305/4(d) (West Supp. 2005). Moreover, the Fund "shall not at any time be appropriated or diverted to any other use or purpose." *Id.* Although the Fund "is protected by the general bond given by the State Treasurer" (*id.*), the language in section 4(d) of the Act suggesting the Fund is to be treated similar to state funds may suggest sums deposited therein are not state funds.

¶ 30      Assuming *arguendo* the Fund does not hold state funds, we also consider whether the relief sought would interfere with the State's performance of the functions of government. See *State Building Venture*, 239 Ill. 2d at 159; *Jinkins*, 209 Ill. 2d at 330. On this point, we recall the purpose of section 19(g) to permit speedy entry of judgment and the circuit court's inquiry is limited to a determination of whether the requirements of section 19(g) have been met. *Ahlers*, 73 Ill. 2d at 268. The purpose and procedure established in section 19(g) of the Act run contrary to the purpose and procedure of the Fund established in section 4(d) of the Act. Section 4(d) provides for an annual determination of payments to eligible claimants which may be less than the full amount awarded by the Commission in the underlying proceedings. See 820 ILCS 305/4(d) (West Supp. 2005). Moreover, "[p]ayment from the Injured Workers' Benefit Fund to an eligible claimant pursuant to this provision shall discharge the obligations of the Injured Workers' Benefit Fund regarding the award entered by the Commission." *Id.* In contrast, section 19(g) intends a speedy entry of judgment on the full amount of awards to plaintiffs who may not be eligible claimants under section 4(d). See 820 ILCS 305/19(g) (West 2004). Entering judgment on the full award also runs contrary to the expressed legislative intent that a payment from the Fund for less than the full amount may discharge the obligation of the Fund. See 820 ILCS 305/4(d) (West Supp. 2005).

Although Dratewska-Zator did not seek judgment prior to the Commission's annual determination and is an eligible claimant under section 4(d) of the Act, permitting entry of judgment for the plaintiff under section 19(g) of the Act ultimately could operate to control the actions of the State in ways contrary to the policy and procedure embodied in section 4(d) of the Act. See *Jinkins*, 209 Ill. 2d at 330; *Currie*, 148 Ill. 2d at 158. Thus, the relief sought would interfere with State's performance of the functions of government. Accordingly, we conclude count I of the amended complaint in this case presents a claim against the State which is barred by sovereign immunity based on not only the nature of the cause of action, but also the nature of the relief sought.

¶ 31                                    Counts II and III

¶ 32    We next turn to consider whether counts II and III of the amended complaint, which seek *mandamus*, state a cause of action for which relief may be granted. "*Mandamus* is an extraordinary remedy to enforce, as a matter of right, 'the performance of official duties by a public officer where no exercise of discretion on his part is involved.' " *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997) (quoting *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986)). "Despite the remedy's extraordinary nature, *mandamus* proceedings are governed by the same pleading rules that apply to actions at law." *Noyola*, 179 Ill. 2d at 133. "For a complaint seeking *mandamus* to withstand a challenge to its legal sufficiency, it must allege facts which establish a clear right to the relief requested, a clear duty of the respondent to act, and clear authority in the respondent to comply with the writ." *Id.*; see *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17. Indeed, "[a] petitioner seeking a writ of *mandamus* to command an officer to perform a duty must show a clear right to the relief asked by allegation of specific facts." (Internal quotation marks omitted.) *Bremen Community High School District No. 228 v. Cook County Comm'n on Human Rights*, 2012 IL App (1st) 112177, ¶ 16 (citing *People ex rel. Thomas v. Board of Education of the City of Chicago*, 40 Ill. App. 2d 308, 319 (1963)).

¶ 33    Dratewska-Zator argues her amended complaint sets forth facts demonstrating a clear right to the relief she requests, contending she has a right to a payment of the full amount of her award when the Fund had sufficient moneys to pay all claims made by eligible claimants. The Chairman and Commissioner respond Dratewska-Zator does not have a clear right to her award of medical expenses because her medical expenses have already been paid by the Commission. The Chairman and Commission argue an award to Dratewska-Zator would result in a windfall or double recovery. "The law in Illinois is that a plaintiff shall have only one recovery for an injury [citation]; double recovery is a result which has been condemned [citation]." *Wilson v. Hoffman Group, Inc.*, 131 Ill. 2d 308, 321-22 (1989); see *Kim v. Alvey, Inc.*, 322 Ill. App. 3d 657, 672 (2001) (double recovery is against public policy).

¶ 34    Dratewska-Zator argues the possibility of a windfall or double recovery does not warrant dismissal of her complaint. She relies upon case law holding a court may not review the Commission's decision or otherwise construe the Act, even if the decision appears too large on its face, in proceedings under section 19(g) of the Act. *E.g.*, *Ahlers*, 73 Ill. 2d at 268; *McCormick v. McDougal-Hartmann Co.*, 47 Ill. 2d 340, 343-44 (1970); *St. Louis Pressed*

*Steel Co. v. Schorr*, 303 Ill. 476, 478 (1922); *Aurora East School District v. Dover*, 363 Ill. App. 3d 1048, 1055 (2006). Dratewska-Zator's claims against the Chairman and Commission, however, seek a writ of *mandamus* and are not brought pursuant to section 19(g) of the Act. Accordingly, Dratewska-Zator is required to set forth facts establishing a clear right to the relief requested. *Noyola*, 179 Ill. 2d at 133.

¶ 35    Dratewska-Zator also claims defendants are not entitled to a credit for medical expenses, relying on section 8(j)(2) of the Act, which provides:

> "Nothing contained in this Act shall be construed to give the employer or the insurance carrier the right to credit for any benefits or payments received by the employee other than compensation payments provided by this Act, and where the employee receives payments other than compensation payments, whether as full or partial salary, group insurance benefits, bonuses, annuities or any other payments, the employer or insurance carrier shall receive credit for each such payment only to the extent of the compensation that would have been payable during the period covered by such payment." 820 ILCS 305/8(j)(2) (West 2004).

The plain language of section 8(j)(2) does not refer to the Chairman, the Commission or the Fund. Thus, this provision of the Act and case law interpreting it are inapposite.

¶ 36    Dratewska-Zator further argues there is no legal basis for the Commission to reimburse the Department of Healthcare and Family Services from the Fund. This argument, however, relates to whether the Chairman and Commission have a legal duty to pay the full award directly to Dratewska-Zator, not the issue of whether Dratewska-Zator has a clear right to a direct disbursement from the Fund representing medical expenses where the medical expenses paid by the Department of Healthcare and Family Services have been reimbursed by the Fund.

¶ 37    In this case, the Commission's letter attached to Dratewska-Zator's amended complaint states the cost of all of Dratewska-Zator's medical treatment was paid by the Department of Healthcare and Family Services, which was directly reimbursed by the Fund. The amended complaint fails to allege specific facts establishing Dratewska-Zator has any legal liability or obligation regarding the underlying medical expenses at issue. To the contrary, as previously discussed, Dratewska-Zator argues she has a clear right to a windfall. Given the long-standing rule against double recovery (*Wilson*, 131 Ill. 2d at 322), we disagree. Thus, we conclude Dratewska-Zator failed to allege facts establishing a clear right to direct disbursement from the Fund for medical expenses in the full amount of the Commission's award where the Commission has already paid her medical expenses from the Fund and she does not allege any remaining liability or obligation for medical expenses. Accordingly, we conclude the circuit court did not err in dismissing counts II and III of the amended complaint.[6]

---

[6]Given our disposition of these issues, this court need not consider whether Dratewska-Zator exhausted her administrative remedies.

¶ 38                                   CONCLUSION

¶ 39      In sum, we conclude the circuit court did not err in dismissing Dratewska-Zator's claim against the Treasurer, as the claim is barred by sovereign immunity. We also conclude the circuit court did not err in dismissing Dratewska-Zator's claims for *mandamus* against the Chairman and Commission, as Dratewska-Zator failed to allege facts establishing a clear right to the relief requested. For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 40      Affirmed.