2019 IL App (1st) 180857

FIRST DISTRICT
SIXTH DIVISION
January 25, 2019

No. 1-18-0857

| | | |
|---|---|---|
| KAREN DUNCAN, Individually and on Behalf of | ) | Appeal from the |
| All Others Similarly Situated, | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 17 CH 14517 |
| | ) | |
| FEDEX OFFICE AND PRINT SERVICES, INC., | ) | |
| a Texas Corporation, | ) | Honorable |
| | ) | Sanjay T. Tailor, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Cunningham and Connors concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Karen Duncan, appeals the judgment of the circuit court granting defendant FedEx Office and Print Services, Inc.'s (FedEx) motion to dismiss her complaint, which alleged that FedEx willfully violated the Fair and Accurate Credit Transactions Act of 2003 (FACTA) (15 U.S.C. § 1681 *et seq.* (2012)) when it printed more than the last five digits of her credit card number on its sales receipt. On appeal, Duncan contends that the court erred by relying on federal case law to find that she lacked standing to pursue her claim in state court. For the following reasons, we reverse and remand for further proceedings.

¶ 2                                  JURISDICTION

¶ 3     The trial court entered its judgment granting FedEx's motion to dismiss on March 28, 2018. Duncan filed her notice of appeal on April 19, 2018. Accordingly, this court has

jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017), governing appeals from final judgments entered below.

¶ 4                                                    BACKGROUND

¶ 5       Section 1681c(g)(1) of FACTA (15 U.S.C. § 1681c(g)(1) (2003 Supp. III)) (amending the Fair Credit Reporting Act (Act) (15 U.S.C. § 1681 *et seq.*)) prohibits a merchant who accepts credit cards from "print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." The legislative history of FACTA indicates that Congress sought to protect the consumer and prevent identity theft and credit card fraud by requiring truncation of the credit card number on printed receipts. As with all Visa cards, Duncan's card had 16 digits on its face. The meaning of these numbers corresponds to the 2015 standards set by the International Standards Organization, which define the first six digits as the issuer identification number (IIN). These six digits identify the card issuer, including the network, card level, card type, and bank.

¶ 6       On October 31, 2017, Duncan filed a one-count complaint alleging that FedEx issued her a printed receipt in violation of FACTA. Duncan's claim arose from her transaction with FedEx at its retail location in Oak Lawn, Illinois. Duncan alleged that she used her personal Visa credit card and FedEx issued her a printed receipt that listed the first two and last four digits of her credit card number. She alleged that as a result of FedEx's willful noncompliance with FACTA, she and "thousands of FedEx's customers have been burdened with a heightened risk of payment card fraud and identity theft." Duncan sought, on behalf of herself and all others similarly situated, injunctive relief, statutory damages, costs, and reasonable attorney fees.

¶ 7       FedEx filed a combined motion to dismiss Duncan's complaint under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2016)). In its motion, FedEx

argued that Duncan lacked standing because she failed to allege any injury beyond the improper disclosure of the first two digits of her credit card number, where the first six digits comprise the IIN which provides no personal information about Duncan. FedEx also argued that Duncan failed to allege facts showing it willfully violated FACTA in issuing her receipt.

¶ 8    The trial court granted FedEx's motion based on lack of standing, although it believed that "there's a basis here for a claim in the absence of actual damages just based on the statutory framework." However, it found that "three federal courts of appeals *** have determined that the plaintiff, the consumer whose expiration date is printed on his receipt cannot seek—cannot bring the claim under FACTA in the absence of actual damages." The trial court saw no "distinction between the illegal printing of the expiration date and the illegal printing of more than the last five digits of the credit card number." The court also determined that "there are sufficient facts to allege a willful violation of the statute." Duncan filed this timely appeal.

¶ 9                                  ANALYSIS

¶ 10    Duncan appeals the dismissal of her complaint pursuant to section 2-619.1 of the Code. 735 ILCS 5/2-619.1 (West 2016). A motion filed under section 2-619.1 seeks dismissal under both sections 2-615 and 2-619 (*id.* §§ 5/2-615, 2-619). *Dratewska-Zator v. Rutherford*, 2013 IL App (1st) 122699, ¶ 13. While a section 2-615 motion to dismiss challenges the legal sufficiency of the pleadings, a section 2-619 motion admits the legal sufficiency of the pleadings but asserts certain defects or defenses. *Id.* We review a dismissal under either section *de novo*. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009).

¶ 11    FedEx argues that this court should affirm the dismissal because Duncan lacks standing to pursue her FACTA claim in the trial court below. In her complaint, Duncan alleges that FedEx

violated section 1681c(g)(1) of the statute by printing more than the last five digits of her card number on her receipt. Section 1681n(a)(1)(A) provides that

"[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of ***

(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (2012).

Without more, the clear language of the statute grants private citizens, like Duncan, the right to seek recourse for violations made against them. Courts must give effect to clear statutory language without resort to other aids for construction. *Gruszeczka v. Illinois Workers' Compensation Comm'n*, 2013 IL 114212, ¶ 12.

¶ 12    FedEx, however, urges this court to follow federal cases finding that despite the clear language of the statute, a claim alleging a bare procedural violation of FACTA is not sufficient to satisfy federal standing requirements. As these federal cases cite *Spokeo, Inc. v. Robins*, 578 U.S. ___, ___, 136 S. Ct. 1540, 1544 (2016), as support, we set forth *Spokeo* and its analysis here.

¶ 13    In *Spokeo*, the United States Supreme Court addressed whether Robins, who discovered that a " 'people search engine' " had gathered and disseminated inaccurate information about him, had standing to maintain an action in federal court under the Act. *Id.* at ____, 136 S. Ct. at 1544. The Court noted that the purpose of the Act is to ensure " 'fair and accurate credit reporting' " by regulating the creation and use of " 'consumer report[s].' " *Id.* at ___, 136 S. Ct. at 1545 (quoting 15 U.S.C. §§ 1681(a)(1), 1681a(d)(1)(A)-(C) (2006)). To achieve this goal, the

Act requires consumer reporting agencies to follow reasonable procedures to assure the maximum accuracy of such reports, to notify providers and users of consumer information of their responsibilities under the Act, to limit the circumstances in which consumer reports can be provided for employment purposes, and to post a toll-free number that consumers can call to request reports. *Id.* at ___, 136 S. Ct. at 1545.

¶ 14    The district court found that although Robins claimed that the information about him was inaccurate, he had not properly pled an injury in fact to confer standing. *Id.* at ___, 136 S. Ct. at 1546. The Ninth Circuit reversed, determining that Robins adequately alleged an injury in fact because he had alleged that Spokeo violated "*his* statutory rights," and "his personal interests in the handling of his credit information are individualized rather than collective." (Emphasis in original and internal quotation marks omitted.) *Id.* at ___, 136 S. Ct. at 1546. The Supreme Court, however, found the Ninth Circuit's analysis "incomplete." *Id.* at ___, 136 S. Ct. at 1545.

¶ 15    Under federal law, standing is an issue of jurisdiction that is limited by the authority conferred on the federal judiciary by the United States Constitution. *Id.* at ___, 136 S. Ct. at 1546-47. Article III of the Constitution specifies that judicial power extends only to actual cases and controversies. To satisfy the cases and controversies requirement and establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at ___, 136 S. Ct. at 1547. "Injury in fact is a constitutional requirement," and to satisfy this element, a plaintiff must show not only that he or she suffered a particularized injury (one that affected the plaintiff in a personal, individual way) but also that the injury is concrete. *Id.* at ___, 136 S. Ct. at 1547-48. While the Ninth Circuit found that Robins had alleged a particularized injury from Spokeo's violation of the Act, it failed to address whether he had adequately alleged

a concrete injury. *Id.* at ___, 136 S. Ct. at 1548. A concrete injury is one that "actually exist[s]." *Id.* at ___, 136 S. Ct. at 1548.

¶ 16    The Supreme Court recognized that through statutory enactments, Congress may exercise its authority to elevate intangible harms previously inadequate in law to the status of legally cognizable injuries. *Id.* at ___, 136 S. Ct. at 1549. The Court cautioned, however, that Congress' identification and elevation of an intangible harm "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at ___, 136 S. Ct. at 1549. Therefore, even in the context of a statutory violation, "Article III standing requires a concrete injury ***." *Id.* at ___, 136 S. Ct. at 1549.

¶ 17    The Court made clear that a violation of a statute's procedural requirements "can be sufficient in some circumstances to constitute injury in fact," notably in cases where the injuries "may be difficult to prove or measure." *Id.* at ___, 136 S. Ct. at 1549. In the case before it, however, a procedural violation of the Act was not sufficient where not all violations result in harm and "not all inaccuracies cause harm or present any material risk of harm." *Id.* at ___, 136 S. Ct. at 1550. The Court remanded the case for a determination of whether "the particular procedural violations alleged in this case" caused concrete harm to Robins. It "took no position as to whether the Ninth Circuit's ultimate conclusion—that Robins adequately alleged an injury in fact—was correct." *Id.* at ___, 136 S. Ct. at 1550.

¶ 18    Following *Spokeo*, a number of federal courts have found no standing for plaintiffs who claimed their receipts improperly showed the card's expiration date because "it is hard to imagine how the expiration date's presence could have increased the risk that [the customer's] identity would be compromised." *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724,

727 (7th Cir. 2016); see also *Collier v. SP Plus Corp.*, 889 F.3d 894 (7th Cir. 2018); *Crupar-Weinmann v. Paris Baguette America, Inc.*, 861 F.3d 76 (2d Cir. 2017). Other federal courts have come to the same conclusion regarding the inclusion of any of the first six digits of a credit card number, the IIN, which identifies the card issuer. See *Katz v. Donna Karan Company, L.L.C.*, 872 F.3d 114 (2d Cir. 2017); *Hullinger v. Park Grove Inn, Inc.*, No. 3:17-cv-004000, 2018 WL 3040571 (E.D. Tenn. June 19, 2018); *Soto v. Great America LLC*, No. 17-cv-6902, 2018 WL 2364916 (N.D. Ill. May 24, 2018).

¶ 19    Some federal courts, however, have noted *Spokeo*'s acknowledgement of Congress' authority to define and elevate injuries and found that in FACTA, "Congress intended to create a substantive right" to protect consumers' credit identities. *Guarisma v. Microsoft Corp.*, 209 F. Supp. 3d 1261, 1265-66 (S.D. Fla. 2016). In other words, "Congress gave consumers the *legal right* to obtain a receipt at the point of sale showing no more than the last five digits" of their card number. (Emphasis in original.) *Id.* at 1266. To require a plaintiff to show a material risk of harm in addition to a statutory violation "ignores the fact that Congress explicitly prohibited merchants from printing 'no more than the last five digits of the card number.' " *Gennock v. Kirkland's, Inc.*, No. 17-454, 2017 WL 6883933, at *6 (W.D. Pa. Nov. 29, 2017). These courts have found that harm from a FACTA violation is "concrete as soon as a company prints the offending receipt." *Guarisma*, 209 F. Supp. 3d at 1266. See also *Muransky v. Godiva Chocolatier, Inc.*, 905 F.3d 1200, 1210 (11th Cir. 2018) (finding that FACTA provides consumers with "the right to enforce nondisclosure of their untruncated credit card numbers" and concluding that "printing more than five digits of a credit card number in willful violation of FACTA causes the person *** to suffer a concrete injury").

¶ 20     FedEx contends we should follow the federal cases that require Duncan to show she suffered a concrete injury in addition to a procedural violation of FACTA, but there is no consensus among the federal courts on this issue. Although we give considerable weight to the federal courts' uniform interpretation of federal law, "if the federal courts are split, we may elect to follow those decisions we believe to be better reasoned." *State Bank of Cherry v. CGB Enterprises, Inc.*, 2013 IL 113836, ¶ 35. We find the reasoning of *Guarisma*, *Gennock*, and *Muransky* more persuasive. Federal courts that have found no standing when a plaintiff alleged only a procedural violation of FACTA relied on *Spokeo*'s requirement of a concrete injury. The standing issue in *Spokeo*, however, concerned violations of the procedural requirements of the Act, and some of those requirements have no discernible connection to any harms the Act seeks to protect against. The Supreme Court in *Spokeo* did not consider FACTA or the statute's clear prohibition against the printing of more than the last five digits of a consumer's card number.

¶ 21     Furthermore, Illinois courts are not required to follow federal law on issues of justiciability and standing. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 491 (1988). Standing under federal law is grounded in the jurisdictional case and controversy mandates imposed by article III, while standing in Illinois is not jurisdictional. Instead, standing is an affirmative defense that is the defendant's burden to plead and prove. *People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro Van*, 177 Ill. 2d 314, 328-30 (1997). As a result, Illinois courts generally are not as restrictive as federal courts in recognizing the standing of a plaintiff to bring a claim. *Id.* at 329. Although federal law and Illinois law both require an "injury in fact" to find standing, it "does not necessarily mean that both forums define that requirement in the same way." *Soto*, 2018 WL 2364916, at *5.

¶ 22    Standing law in Illinois requires that the injury-in-fact, whether actual or threatened, "be (1) distinct and palpable; (2) fairly traceable to the defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief." *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). An injury-in-fact that is " 'actual' does not mean that a wrong must have been committed and an injury inflicted; rather, the term requires a showing that the underlying facts and issues of the case are not moot or premature." *Messenger v. Edgar*, 157 Ill. 2d 162, 170 (1993). A distinct and palpable injury refers to an injury that cannot be characterized as "a generalized grievance common to all members of the public." *Id.* at 172; *Greer*, 122 Ill. 2d at 494 (finding that due to their proximity to the challenged housing development, the plaintiffs' alleged injuries were " 'distinct and palpable,' rather than a generalized grievance common to all members of the public"). In Illinois, "[t]he doctrine of standing is designed to preclude persons having no interest in a controversy from bringing suit, but it should not be an obstacle to the litigation of a valid claim." *$1,124,905 U.S. Currency*, 177 Ill. 2d at 330.

¶ 23    Importantly, under Illinois law, when a plaintiff alleges a statutory violation, no "additional requirements" are needed for standing. *Glisson*, 188 Ill. 2d at 222. In *Greer*, our supreme court refused to adopt the zone-of-interest test for standing used by federal courts when a plaintiff alleges a statutory violation by an administrative agency. This test requires that the interest a plaintiff seeks to protect is " 'within the zone of interests to be protected or regulated by the statute *** in question.' " *Greer*, 122 Ill. 2d at 489 (quoting *Ass'n of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153 (1970). In rejecting the test, the court reasoned that "it tends to lead to confusion between standing and the merits of the suit" because

an "examination of the goals, purposes, and objectives" of a statute is the same examination needed to show that the plaintiff has "in fact stated a claim for relief." *Id.* at 492.

¶ 24     In *Glisson*, our supreme court reaffirmed its holding in *Greer* and also rejected the test used by the appellate court in *Lynch v. Devine*, 45 Ill. App. 3d 743 (1977). *Glisson*, 188 Ill. 2d at 222. The *Lynch* test provides that, "where the suit alleges injury due to violation of a statute, the doctrine of standing requires that the plaintiff be a member of the class designed to be protected by the statute." *Id.* (citing *Lynch*, 45 Ill. App. 3d at 748). In refusing to adopt the zone-of-interest and *Lynch* tests, the court found that "[b]oth tests require a consideration of the underlying purposes of the statute at issue" and, as such, they "improperly confuse standing with the merits of the underlying suit." *Id.* Instead, our supreme court "adhere[s] to the principle that standing in Illinois requires only some injury in fact to a legally cognizable interest." *Greer*, 122 Ill. 2d at 492.

¶ 25     We find that Duncan has standing to bring her FACTA claim under Illinois law. In enacting FACTA, Congress elevated intangible harms associated with the printing of more than the last five digits of a person's card number to the status of legally cognizable injuries. Duncan's complaint alleges "the very harm that Congress sought to prevent by turning the disclosure of such information into an actionable tort" (*Gennock*, 2017 WL 6883933, at *5), and FACTA does not require a person to suffer actual damages in order to seek recourse for a willful violation of the statute. Illinois federal courts have acknowledged that Illinois state courts could find that a procedural violation of FACTA is "sufficient to confer standing in state court." *Soto*, 2018 WL 2364916, at *5. As the Seventh Circuit recognized, "a state's standing doctrine is 'the business' of its own courts; 'it is not for [this court] to venture how the case would there be resolved.' " *Collier*, 889 F.3d at 897 (quoting *Smith v. Wisconsin Department of Agriculture*, 23

F.3d 1134, 1142 (7th Cir. 1994)). "Although this means that a state court potentially has jurisdiction over a federal statutory violation in an instance where a federal court does not, 'this is in fact a notable quirk of the United States federalist system.' " *Soto*, 2018 WL 2364916, at *5 (quoting *Miranda v. Magic Mountain LLC*, No. CV 17-07483 SJO (SS), 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018)).

¶ 26 The trial court below also found that "there are sufficient facts to allege a willful violation of the statute," and FedEx does not challenge this finding. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing"). Since we have determined that Duncan has standing to bring her claim and she has sufficiently alleged a willful violation, dismissal of her complaint pursuant to section 2-619.1 of the Code was error.

¶ 27 *Maglio v. Advocate Health & Hospitals Corp.*, 2015 IL App (2d) 140782, a case on which FedEx relies, is inapposite. The plaintiffs in *Maglio* brought claims against Advocate after four of Advocate's computers containing patient information were stolen from its offices. *Id.* ¶ 1. The court in *Maglio* found no standing because the plaintiffs' allegations that they faced an increased risk of identity theft due to Advocate's negligence were merely claims of speculative injuries. *Id.* ¶ 24. *Maglio*, however, is not a FACTA case, and there is no indication that the statutes on which the *Maglio* plaintiffs based their claims expressly grant a private cause of action to a customer for a violation, as does FACTA.

¶ 28                                      CONCLUSION

¶ 29 For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

¶ 30 Reversed and remanded.