2020 IL App (1st) 191267

FIFTH DIVISION
DECEMBER 11, 2020

No. 1-19-1267

| | | |
|---|---|---|
| ROGER GRABINSKI, Special Administrator of the | ) | Appeal from the |
| Estate of Jonathan Grabinski, Deceased, and | ) | Circuit Court of |
| SANDRA DENARDO-MELANT, Special Administrator | ) | Cook County. |
| of the Estate of Salvatore Melant, Deceased, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| v. | ) | No. 17 L 2287 |
| | ) | |
| THE FOREST PRESERVE DISTRICT OF COOK | ) | |
| COUNTY, COMMONWEALTH EDISON COMPANY, | ) | |
| and INTREN, INC., | ) | Honorable |
| | ) | Christopher Lawler, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Hoffman and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1      The circuit court of Cook County dismissed a wrongful death action brought by the

plaintiffs-appellants, Roger Grabinski, special administrator of the estate of Jonathan Grabinski,

deceased, and Sandra Denardo-Melant, special administrator of the estate of Salvatore Melant,

deceased (Estates), against the defendants-appellees, the Forest Preserve District of Cook County

(Forest Preserve), Commonwealth Edison Company (ComEd), and Intren, Inc. (Intren). The

Estates now appeal. For the reasons that follow, we affirm the judgment of the circuit court of

Cook County.

¶ 2                                    BACKGROUND

¶ 3      This case arises out of a fatal car accident that occurred on March 5, 2016, in the 9400

block of Archer Avenue (road) in Willow Springs, Illinois. The Forest Preserve owns the property

adjacent to the road where the accident occurred, but it is undisputed that the Illinois Department of Transportation (IDOT) owns, operates, and maintains the road, its right-of-way,[1] and its drainage system. According to the Estates, 17-year-old Jonathan Grabinksi was driving a car on the road with 18-year-old Salvatore Melant as his passenger when water on the road caused the car to hydroplane and hit a tree. Both teenagers suffered fatal injuries.

¶ 4    On March 3, 2017, the Estates filed a wrongful death action against several governmental entities, including IDOT and the Forest Preserve, alleging that each governmental entity "owned, controlled, maintained, possessed, and/or managed the road, adjacent ditch and/or adjacent terrain where" the accident occurred. The Estates eventually voluntarily dismissed all of the governmental entities as defendants except the Forest Preserve.[2]

¶ 5    In response, the Forest Preserve filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 2-619(a)(9) (West 2016)). The motion argued that the Forest Preserve did not own, operate, or control the road or its drainage system, as it was all under the exclusive jurisdiction and control of IDOT. In support of its motion, the Forest Preserve attached IDOT's response to the Forest Preserve's Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2016)) request, which contained documents demonstrating IDOT's exclusive ownership of the road, including a 66 foot right-of-way and the road's drainage system. The FOIA documents included IDOT's guidelines, which define "highway" to include "rights of way, bridges, drainage structures, signs, guardrails, and all other appurtenances necessary for vehicular travel."

---

[1]A right-of-way is defined by the Illinois Highway Code as: "The land, or interest therein, acquired for or devoted to a highway." 605 ILCS 5/2-217 (West 2016).

[2]The Estates later filed a separate lawsuit against IDOT in the Illinois Court of Claims, which is stayed pending the outcome of this appeal.

¶ 6    On December 15, 2017, the Forest Preserve filed a supplement to its motion to dismiss. Its supplement cited to deposition testimony from three witnesses: John Sterenberg, surveyor for land use compliance for the Forest Preserve; John McCabe, director of resource management for the Forest Preserve; and James Stumpner, bureau chief of maintenance for IDOT. All three witnesses testified consistently that the road is an IDOT roadway for which IDOT, and not the Forest Preserve, has jurisdiction and control; including removing any debris that may build up in the road's drainage system. The Forest Preserve's supplement also raised three governmental tort immunities: (1) no liability for failure to inspect the property of others (745 ILCS 10/2-105 (West 2016)), (2) no liability for the effects of weather on roadways (745 ILCS 10/3-105(a) (West 2016)), and (3) no liability for failure to install warning signs (745 ILCS 10/3-104 (West 2016)).

¶ 7    On March 2, 2018, the Estates filed an amended complaint, modifying the claims against the Forest Preserve and adding several new defendants, including ComEd and Intren.[3] The amended complaint alleged that "on or about late 2014 to 2015, the Forest Preserve commissioned the construction of Camp Bullfrog," which was adjacent to the road and "in an area in close proximity to" the location of the accident. The amended complaint further alleged that, as part of the Camp Bullfrog construction project, ComEd "commissioned, directed and/or installed the electric poles and powerlines" and its subcontractor, Intren, "engaged in the installation of electric poles and powerlines *** including the cutting of trees, stumps and debris" along the road. In the amended complaint, the Estates alleged that the work completed on the Camp Bullfrog construction project by the Forest Preserve, ComEd, and Intren created debris that was never removed. According to the Estates, the debris eventually migrated into the adjacent road's drainage

---

[3]The other added defendants, R.M. Chin & Associates and Cornerstone Contracting, Inc., were later dismissed from the case.

1-19-1267

system, causing it to be "obstructed and [filled] with soil and debris, in effect closing the ditch and drainage system and making it useless, and allowing water and run-off onto the road ***."[4] The Estates asserted that the Forest Preserve, ComEd, and Intren all "had a duty to exercise ordinary care to not obstruct, alter, damage and/or hinder the adjacent ditch and drainage system," and that they were negligent in allowing the road's drainage system to become obstructed with debris from the Camp Bullfrog construction project.

¶ 8    The trial court allowed the Forest Preserve's original motion to dismiss, as well as its supplement, to stand as its response to the amended complaint. On July 27, 2018, Intren filed a motion to dismiss pursuant to section 2-619 of the Code. And on October 5, 2018, ComEd filed its own section 2-619 motion to dismiss. Both Intren and ComEd's motions joined in the argument asserted by the Forest Preserve that IDOT was solely responsible for the road and its drainage system.

¶ 9    On May 21, 2019, the trial court entered an order granting all three motions to dismiss. The order stated that "the uncontroverted evidence shows that IDOT has exclusive jurisdiction over the road." Citing *Dixon v. City of Chicago*, 101 Ill. App. 3d 453 (1981), and section 4-203 of the Illinois Highway Code (Highway Code) (605 ILCS 5/4-203 (West 2016)), the trial court held that neither the Forest Preserve, ComEd, nor Intren had a concurrent duty to maintain the road or its drainage system. The trial court additionally held that the governmental tort immunities raised by the Forest Preserve protected it against allegations that it conducted activities on its property which allowed water to collect on the adjacent road. The trial court accordingly dismissed the Estates' amended complaint with prejudice. This appeal followed.

_____

[4]The Estates' amended complaint, as well as their brief on appeal, reference the road's drainage ditch and a separate culvert pipe interchangeably. For the sake of clarity, we will refer to the road's entire drainage system, including both the ditch and culvert, simply as the road's "drainage system."

1-19-1267

¶ 10                                    ANALYSIS

¶ 11    We note that we have jurisdiction to consider this matter, as the Estates filed a timely notice of appeal. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 12    The Estates present the following issue: whether the trial court erred in dismissing its amended complaint against the Forest Preserve, ComEd, and Intren. The Estates argue that the Highway Code cited by the trial court is inapplicable because their claim is that all three defendants owed a duty to remove debris from the Camp Bullfrog construction project and not allow it to clog the adjacent road's drainage system. Specifically, the Estates claim that the three defendants breached their duty by cutting down trees and digging up dirt and not cleaning up the leftover debris. And over a year later, all that debris migrated into the adjacent road's drainage system, allowing water to pool on the road and causing the accident.

¶ 13    A motion to dismiss pursuant to section 2-619 of the Code admits the legal sufficiency of the pleadings but asserts certain defects or defenses. *Duncan v. FedEx Office & Print Services, Inc.*, 2019 IL App (1st) 180857, ¶ 10. When considering a section 2-619 motion to dismiss, all well-pleaded facts in the complaint must be accepted as true. *Doe v. University of Chicago Medical Center*, 2015 IL App (1st) 133735, ¶ 35. We review a trial court's order dismissing a complaint under section 2-619 *de novo*. *Id.*

¶ 14    In this case, the trial court dismissed the Estates' wrongful death action on the basis that none of the defendants owed a duty of care to the decedents since the road and its drainage system were owned and maintained solely by IDOT. In a wrongful death action, as in any negligence action, it is the plaintiff's burden to prove three essential elements: (1) that the defendants owed a duty; (2) that the defendants breached the duty they owed; and (3) that the breach proximately caused the injury. *Stanphill v. Ortberg*, 2018 IL 122974, ¶ 33. "Unless a duty is owed, there can

be no negligence." *Rozowicz v. C3 Presents, LLC*, 2017 IL App (1st) 161177, ¶ 12. Whether a duty exists in a particular case is a question of law for the court to decide. *Id.* In determining whether a duty of care exists, the court considers whether there is a relationship between the parties such that a legal obligation is placed upon one party for the other party's benefit. *Id.* ¶ 13. The factors a court considers when determining whether a defendant owes a duty of care include: (1) the reasonable foreseeability of the injury; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing the burden on the defendant. *Id.*

¶ 15 Although the Estates treat the three defendants as one unit and allege that they each owed the same duty, we find it important to parse the Forest Preserve's duty separate from that of ComEd and Intren where the Forest Preserve *owned* the adjacent property and ComEd and Intren did not. Thus, we consider the Forest Preserve's duty first.

¶ 16 As already noted, it is undisputed that IDOT owns, controls, and maintains the road, including the road's drainage system. See 605 ILCS 5/4-203 (West 2016) ("[IDOT] shall have exclusive jurisdiction and control over only that part of such highway which [IDOT] has constructed, *** and for the maintenance of which [IDOT] is responsible, including the hard-surfaced slab, shoulders and drainage ditches"). Indeed, in *Dixon*, 101 Ill. App. 3d 453, the Illinois Supreme Court established that, pursuant to section 4-203 of the Highway Code, IDOT has exclusive jurisdiction and control over its roads. *Id.* at 456-57. In that case, our supreme court held that although a defective sidewalk curb was located within the City of Chicago, section 4-203 made clear that the City did not have a concurrent duty to maintain that particular sidewalk curb along with IDOT. *Id.*

¶ 17 Nonetheless, the Estates still claim that the Forest Preserve owed a duty of care as the road's adjacent property owner. In support of their argument, the Estates cite to *Whittaker v.*

*Honegger*, 284 Ill. App. 3d 739 (1996). In *Whittaker*, the landowners had a gravel driveway. *Id.* at 741. Over time, the gravel migrated onto the adjacent roadway and caused an accident when a motorcyclist hit a patch of the gravel. *Id.* The Fifth District of this court held that the landowners owed a duty to travelers on the adjacent road to keep their land free from conditions that were unreasonably dangerous to such travelers who may come into contact with the condition. *Id.* at 742. Specifically, the court stated:

> "[The landowners] created a condition or allowed a condition to develop that was literally on the highway's surface. The gravel posed a danger to passing motorists, regardless of any third-party conduct. Hence, the imposition of a duty in this case does not put an elevated burden on [the landowners] to guard against the negligence of others. It merely asks [the landowners] to prevent conditions on *their land* from migrating onto the highway and thereby creating hazards to the motoring public." (Emphasis added.) *Id.* at 743-44.

¶ 18    However, the instant case is distinguishable from *Whittaker* because the Estates do not allege that the Forest Preserve let debris from the Camp Bullfrog construction project migrate *directly onto the road*. Stated another way, there are no allegations that the Forest Preserve's property invaded the actual pavement of the road. Instead, the Estates allege that the Forest Preserve let debris migrate into the road's drainage system, which was not cleared out by IDOT, and ultimately caused water to pool on the road. This is an important distinction, especially considering that IDOT is *solely* responsible for maintaining the road's drainage system. The evidence in the record establishes that IDOT's responsibility over the road's drainage system includes cleaning of debris out of the road's drainage system, notwithstanding the source of the

debris.

¶ 19    The Estates further cite to cases involving defendants that owned, operated, or controlled water systems that diverted or leaked water onto an adjacent roadway or property. See *Van Meter v. Darien Park District*, 207 Ill. 2d 359 (2003) (municipal defendant had a duty to not divert water from its drainage system onto the adjacent property); *Tzakis v. Berger Excavating Contractors, Inc.*, 2019 IL App (1st) 170859 (a local public entity bears a common law duty to not let its drains and sewers increase the natural flow of surface water onto an adjacent property); *Stoewsand v. Checker Taxi Co.*, 331 Ill. App. 192 (1947) (the City was responsible for its water main beneath the surface of the State highway breaking, which caused a dangerous condition on the highway's pavement). Again, all of these cases are distinguishable from the instant case where there is no allegation that the Forest Preserve's own water system caused the dangerous condition. The Estates concede that IDOT owns and operates the road's drainage system which they allege caused water to pool on the road.

¶ 20    Simply put, the Forest Preserve does not own, operate, or control the road and its drainage system, rather, IDOT does. And that is the problem here, and the Estates do not allege that the Forest Preserve let debris invade the road itself. Accordingly, the Estates' argument that the Forest Preserve still owed a duty of care to the decedents under these facts and circumstances is baseless. Nonetheless, we will analyze whether the Forest Preserve owed a common law duty to clean up the debris from its Camp Bullfrog construction project and ensure it did not migrate into the adjacent road's drainage system.

¶ 21    Looking at the first factor, the reasonable foreseeability of the injury, even accepting the pleaded fact that the Forest Preserve left debris consisting of tree limbs and dirt on its property as true, it is highly unlikely that the Forest Preserve could foresee that the debris would migrate into

the adjacent road's drainage system more than a year later, and not be cleared out by IDOT, causing water to pool on the road. See *Yager v. Illinois Bell Telephone Co.*, 281 Ill. App. 3d 903, 907 (1996) ("[f]oreseeability means that which it is objectively *reasonable* to expect, not merely what might conceivably occur" (emphasis in original)). For the same reasons, the second factor, the likelihood of the injury, weighs against finding that the Forest Preserve owed the decedents a duty of care.

¶ 22    The third and fourth factors, the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the Forest Preserve, further weigh against finding a duty of care. In *Ziemba v. Mierzwa*, 142 Ill. 2d 42 (1991), the plaintiff bicyclist collided with a dump truck that was exiting the defendant's driveway. *Id.* at 45-46. The plaintiff alleged that the defendant landowner owed a duty to not allow growing foliage on his property to obscure the driveway from view from the road. *Id.* at 46. Our supreme court held that the defendant landowner did not owe a duty of care to the plaintiff because the condition on the defendant's property did not pose a danger to the plaintiff absent the dump truck driver's actions and requiring the defendant to be responsible *for others' negligence* would be too high of a burden. *Id.* at 53. Specifically, the supreme court stated:

> "[The] imposition of a duty here would require defendant to 'guard against the negligence of others.' This is a considerably higher burden than guarding against dangers created solely by conditions on his land. Therefore, we find defendant did not have a duty to maintain his property in such a way that plaintiff could see his driveway from [the road]." *Id.*

Likewise, in the instant case, requiring the Forest Preserve to ensure that debris on its land did not

migrate into the adjacent road's drainage system *and* that IDOT did not let the debris build up over time would place an undue burden on the Forest Preserve. Public policy supports our decision considering that the legislature has explicitly placed the burden for maintaining the road and its drainage system on IDOT. See 605 ILCS 5/4-203 (West 2016).

¶ 23    Accordingly, we find that the Forest Preserve did not owe a duty of care to the decedents to clean up the debris from its Camp Bullfrog construction project and ensure it did not migrate into the adjacent road's drainage system where it would be left by IDOT. The trial court properly dismissed the Estates' amended complaint against the Forest Preserve on that basis. Thus, we need not address the trial court's alternative grounds for dismissing the complaint against the Forest Preserve, *i.e.*, the governmental tort immunities.

¶ 24    We now turn to whether ComEd and Intren owed the decedents a duty of care. The Estates claim that even though ComEd and Intren are not the relevant landowners, they nonetheless owed the decedents a contractual duty to clean up any debris they created as part of the Camp Bullfrog construction project. However, the decedents were neither a party nor a third-party beneficiary to any of ComEd's and Intren's contracts regarding the Camp Bullfrog construction project, so the Estates cannot assert any contractual rights. See *Barry v. St. Mary's Hospital Decatur*, 2016 IL App (4th) 150961, ¶ 82 (only third parties who are direct beneficiaries have rights under a contract). Moreover, the scope of ComEd's and Intren's contractual duties regarding the Camp Bullfrog construction project did not include ensuring that debris did not, more than a year later, migrate into an adjacent IDOT road drainage system. Further, in order to work on the Camp Bullfrog construction project, ComEd and Intren were required to obtain a permit from IDOT to access the Camp Bullfrog construction site since it was so close to an IDOT road. The permit expired after 90 days, and ComEd and Intren were not allowed to access the construction site area

after the permit's expiration. It cannot be said that, under these facts and circumstances, ComEd and Intren owed a duty to travelers using the adjacent road to keep IDOT's drainage system free from debris which migrated from the Camp Bullfrog construction site.

¶ 25    Still, we consider whether ComEd and Intren owed a *common law* duty under the traditional four-factor analysis. As with the Forest Preserve, the foreseeability and likelihood of injury factors weigh against finding a duty of care. And the burden and consequences of placing such a duty on ComEd and Intren are even greater, considering that they do not own the property at issue and had no access to the property once their work was completed.

¶ 26    In sum, neither ComEd nor Intren owed any kind of duty of care to the decedents regarding debris migrating from the Forest Preserve's property into IDOT's drainage system. The trial court accordingly did not err in dismissing the Estates' claims against ComEd and Intren. Thus, we affirm the trial court's judgment dismissing the Estates' amended complaint pursuant to section 2-619 of the Code.

¶ 27                                    CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.

**No. 1-19-1267**

| | |
|---|---|
| **Cite as:** | *Grabinski v. Forest Preserve District*, 2020 IL App (1st) 191267 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-L-2287; the Hon. Christopher Lawler, Judge, presiding. |
| **Attorneys for Appellant:** | Jennifer L. Barron, of Barron Legal, Ltd., and Lynn D. Dowd, both of Naperville, and Frank J. Olavarria, of Chicago, for appellants. |
| **Attorneys for Appellee:** | Robert L. Baker, of Forest Preserve District of Cook County, of Chicago, for appellee Forest Preserve District of Cook County. |
| | Dawn M. Gonzalez, of Stone & Johnson, Chtrd., of Chicago, for appellee Commonwealth Edison Company. |
| | Aleen R. Tiffany, Jamie Rein, and Sarah B. Jansen, of HeplerBroom, LLC, of Crystal Lake, for other appellee. |