2023 IL App (1st) 220669-U
Order filed: March 30, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

FIRST DISTRICT
FOURTH DIVISION

No. 1-22-0669

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| RICHARD MESIROW, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 20 CH 6693 |
| MAURRISA SYDNEY CHAPMAN MESIROW, ARIELE BLAYNE CHAPMAN, GREGORY PAPIERNIK, and LEVIN & BREND, P.C., | ) | Honorable Celia G. Gamrath, Judge, presiding. |
| Defendants | ) | |
| (Gregory Papiernik and Levin & Brend, P.C., | ) | |
| Defendants-Appellees). | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Lampkin and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff's claim for negligent misrepresentation was properly dismissed with prejudice, where defendants-appellees did not owe plaintiff a duty and plaintiff's exhibits contradicted allegations contained in the complaint.

¶ 2    Plaintiff-appellant, Richard Mesirow, appeals from the dismissal with prejudice of his claim for negligent misrepresentation against defendants-appellees, Gregory Papiernik and Levin & Brend, P.C. (Levin & Brend), pursuant to section 2-615 of the Code of Civil Procedure (Code). 735 ILCS 5/2-615 (West 2020). For the following reasons, we affirm.

¶ 3    Plaintiff filed his initial complaint in this matter on November 9, 2020, and the operative first amended verified complaint was filed on January 22, 2021. Named as defendants were Maurissa Sydney Chapman Mesirow and Ariele Blayne Chapman (the Chapman defendants), as well as Papiernik and his employer, Levin & Brend.

¶ 4    The complaint alleged that plaintiff was the stepfather of the Chapman defendants, having married their mother in 1995. When the wealthy biological father of the Chapman defendants died in 2013, the Chapman defendants were not originally to benefit from their father's estate. Plaintiff agreed to pay the legal expenses of the Chapman defendants as they sought to obtain "that portion of their biological father's estate to which they were legally entitled," on the agreement that plaintiff would be reimbursed if the Chapman defendants were successful in their efforts. The Chapman defendants ultimately settled the dispute with their father's estate in 2016 for a "seven-figure sum," and plaintiff thereafter sought reimbursement for approximately $410,000 in legal fees he had paid on behalf of the Chapman defendants. Despite their alleged agreement to do so, however, the Chapman defendants refused to reimburse plaintiff for those fees.

¶ 5    In May 2019, plaintiff retained counsel to represent him in his dispute with the Chapman defendants regarding reimbursement for the fees he paid on their behalf. Plaintiff's counsel contacted Papiernik regarding the matter. Papiernik was an attorney and CPA employed by the firm of Levin & Brend, a family law firm that represented the Chapman defendants in their dispute with their father's estate. Papiernik had allegedly previously prepared tax returns for plaintiff and his family, assisted the Chapman defendants in their dispute with their father's estate, and acted as trustee of trusts containing the proceeds of the settlement the Chapman defendants obtained from their father's estate.

¶ 6     Between May 2019 and March 2020, plaintiff's counsel and Papiernik engaged in numerous telephone and email exchanges, and met in person at least once, to address plaintiff's demand for reimbursement, as evidenced by emails attached as exhibits to the complaint. According to the complaint itself, plaintiff began by demanding $410,000 and the Chapman defendants responded with a settlement offer of $250,000. The Chapman defendants ultimately offered $325,000 to settle the matter, and plaintiff accepted that offer on March 4, 2020, sending the Chapman defendants a settlement agreement for their signatures. However, negotiations broke down when Papiernik requested to be included in a release to be executed in conjunction with the settlement.

¶ 7     On April 30, 2020, plaintiff learned that the Chapman defendants had "retained new counsel," and in August 2020 counsel for the Chapman defendants informed plaintiff's counsel that they denied any agreement to reimburse plaintiff had ever been made. They also contended that any claim plaintiff may have for reimbursement was resolved by the settlement agreement reached in the litigation with the estate of the Chapman defendants' father, to which plaintiff himself was a party. The Chapman defendants nevertheless offered $100,000 to settle the matter. Plaintiffs declined the offer, and the Chapman defendants never paid plaintiff $325,000 pursuant to the purported settlement agreement reached in March 2020.

¶ 8     Notably, the complaint itself alleges that Papiernik: (1) "engaged in settlement negotiations *on behalf* of the Chapman defendants," (2) "represented that he was in direct communication with [the Chapman defendants] with respect to the settlement offer," (3) "represented that he had the *authority to negotiate and bind* the Chapman Defendants to an agreement," and (4) "represented that *his clients* agreed to the settlement amount of $325,000 in exchange for resolution of any and

all claims for reimbursement of legal fees paid by Mr. Mesirow for the Trust Lawsuit." (Emphasis added.) Papiernik allegedly did this "acting as an employee at Levin & Brend."

¶ 9    In contrast, the emails attached to the complaint reflect that Papiernik specifically informed plaintiff's counsel that he: (1) was only communicating information to the Chapman defendants "with no authority to represent them," (2) was providing the Chapman's response to plaintiff's demands "just as the messenger and not as their attorney," and (3) was "the messenger and not Maurissa and Ariele's attorney." Plaintiff's counsel responded to these statements by noting in an email: "I understand you are communicating this for the girls as a messenger and not their attorney."

¶ 10    Ultimately, plaintiff's four-count complaint sought to recover from the Chapman defendants via claims to enforce the $325,000 settlement, for breach of contract with respect to their original purported agreement to reimburse plaintiff, and for unjust enrichment. A single count of the complaint, Count III, was pleaded against Papiernik and Levin & Brend, and it alleged negligent misrepresentation.

¶ 11    Specifically, Count III alleged that despite indicating "that he was representing the Chapman defendants," Papiernik "misrepresented that he was authorized to enter settlement negotiations with [plaintiff's] counsel" and "misrepresented that he had the authority to bind the Chapman Defendants to a settlement agreement." Plaintiff's complaint asserted that he suffered $325,000 in damages due to these misrepresentations.

¶ 12    Papiernik and Levin & Brend filed a combined motion to dismiss Count III of the complaint, pursuant to section 2-619.1 of the Code. 735 ILCS 5/2-619.1 (West 2020). Therein, they argued—*inter alia*—that Count III should be dismissed with prejudice because an attorney does not owe a duty to non-clients except in limited circumstances not at issue here. They also

- 4 -

noted that to the extent the complaint asserted Papiernik misrepresented his authority to enter into settlement negotiations and his ability to bind the Chapman Defendants to a settlement, those allegations were "belied" by the exhibits attached to the complaint.

¶ 13    In plaintiff's written response to the motion to dismiss, plaintiff contended in relevant part that his "claim is not based on the attorney-client relationship, but instead on well-established law that one who communicates information in the course of his or her profession–like Mr. Papiernik– owes a duty to do so accurately." More specifically, plaintiff contended that the allegations of his complaint:

> "are *not* that Mr. Papiernik committed legal malpractice or breached a duty of care owed to him in connection with rendering legal services. Instead, Mr. Mesirow's claim is grounded in the fact that Mr. Papiernik, as an attorney and accountant, who in the practice of his professions supplies information intended to guide others, represented to a third party that he had authority to negotiate and settle the dispute and made settlement offers–both of which he now claims were untrue. Thus, at issue is not Mr. Papiernik's duty arising out of the provision of legal services, but whether he should be liable for making an offer and engaging in settlement negotiations with [plaintiff's counsel] when he had lacked the authority to do so." (Emphasis in original.)

Plaintiff further contended that his complaint "alleged substantial facts showing that Mr. Papiernik acted with the intent to induce him to act and that Mr. Mesirow reasonably relied on the truth of Mr. Papiernik statements and therefore properly alleged a claim for negligent misrepresentation."

¶ 14    A hearing on the motion to dismiss was held on April 14, 2022. At the hearing, plaintiff repeatedly acknowledged that while Papiernik was an attorney, he was not acting as the attorney of either plaintiff or the Chapman defendants with respect to plaintiff's claim for reimbursement.

Plaintiff also reasserted that to establish a duty for Papiernik to communicate information accurately, he was relying on the fact that "[t]he duty arises because Mr. Papiernik in the course of his business or profession both as a lawyer and as an accountant supplies information [for] the guidance of others."

¶ 15    The circuit court entered a written order granting the motion to dismiss Count III with prejudice on April 15, 2022, pursuant to section 2-615 of the Code. Therein, the court began by noting that "[t]o state a claim for negligent misrepresentation, Plaintiff must allege, among other things, a duty on the part of Defendant Papiernik, as the person who made the alleged false statement, to communicate accurate information to Plaintiff." The court concluded that plaintiff could not satisfy this element as a matter of law where: (1) to the extent plaintiff alleged Papiernik was acting as an attorney, Illinois did not impose a duty to non-clients such as plaintiff in circumstances such as those presented here, and (2) to the extent that plaintiff relied upon the "duty on a party to avoid negligently conveying false information when the party is in the business of supplying information for the guidance of others in their business transactions," the "settlement of a dispute over reimbursement for fees paid is not a 'business transaction' contemplated by this rule." The court also concluded that "even if *arguendo* there was a duty, Count III fails because it is unclear what statement of material fact was made to induce Plaintiff to act and rely on to his detriment." The court noted that the exhibits attached to the complaint defeated any such claim.

¶ 16    Therefore, the written order dismissed Count III with prejudice pursuant to section 2-615 of the Code, dismissed Papiernik and Levin & Brend as defendants, and found that the order was "final and immediately appealable and there is no just cause or reason to delay enforcement or appeal or both under Illinois Supreme Court Rule 304(a)." Plaintiff filed a timely notice of appeal on May 12, 2022.

¶ 17    The trial court dismissed plaintiff's complaint pursuant to section 2-615 of the Code, and we affirm on that basis. A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint and raises a question as to whether the complaint states a cause of action upon which relief may be granted. 735 ILCS 5/2-615 (West 2022). In ruling upon a section 2–615 motion to dismiss, a court must decide whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a claim upon which relief may be granted. *Givot v. Orr*, 321 Ill. App. 3d 78, 84 (2001). A court accepts all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true in making this determination. *Time Savers, Inc. v. LaSalle Bank, N.A.*, 371 Ill. App. 3d 759, 767 (2007).

¶ 18    However, a court cannot accept as true mere conclusions unsupported by specific facts, and exhibits attached to the complaint are considered part of the pleadings. *Phillips v. DePaul University*, 2014 IL App (1st) 122817, ¶ 24. Indeed, "[a]n exhibit attached to a complaint becomes part of the pleading for every purpose, including the decision on a motion to dismiss. [Citations.] Where an exhibit contradicts the allegations in a complaint, the exhibit controls. [Citation.]" *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 18. An order granting a section 2–615 dismissal is reviewed *de novo*. Phillips, 2014 IL App (1st) 122817, ¶ 24. The appellate court may affirm a circuit court's grant of a section 2-615 motion to dismiss on any basis supported by the record. *Fidelity National Title Insurance Co. of New York v. Westhaven Properties Partnership*, 386 Ill. App. 3d 201, 220 (2007).

¶ 19    To state a claim for negligent misrepresentation, a plaintiff must allege: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance;

and (6) a duty on the party making the statement to communicate accurate information. *First Midwest Bank, N.A. v. Stewart Title Guaranty Co.*, 218 Ill. 2d 326, 334-35 (2006). "In negligent misrepresentation actions, a successful plaintiff must plead and prove that the defendant owes a duty to the plaintiff to communicate accurate information." *Kopley Group V., L.P. v. Sheridan Edgewater Properties, Ltd.*, 376 Ill. App. 3d 1006, 1017 (2007). "Whether a duty exists in a particular case is a question of law for the court to decide." *Grabinski v. Forest Preserve District. of Cook County*, 2020 IL App (1st) 191267, ¶ 14.

¶ 20    We begin, as we must, with the allegations of the complaint itself. And we initially note that, despite plaintiff's protestations to the contrary, the complaint does in fact contain allegations that Papiernik was acting as the Chapman's attorney with respect to negotiating a settlement of plaintiff's claim for reimbursement. As noted above, the complaint specifically alleges that Papiernik: (1) "engaged in settlement negotiations *on behalf* of the Chapman defendants," (2) "represented that he was in direct communication with [the Chapman defendants] with respect to the settlement offer," (3) "represented that he had the *authority to negotiate and bind* the Chapman Defendants to an agreement," and (4) "represented that *his clients* agreed to the settlement amount of $325,000 in exchange for resolution of any and all claims for reimbursement of legal fees paid by Mr. Mesirow for the Trust Lawsuit." (Emphasis added.) There are two problems for plaintiff considering these specific allegations.

¶ 21    First, to the extent that the complaint relies upon any allegation that Papiernik's acted as the Chapman defendants' attorney in connection with plaintiff's claim for reimbursement to create a duty, the exhibits attached to the complaint completely defeat any such allegation. Again, the emails attached to the complaint reflect that Papiernik specifically informed plaintiff's counsel that he: (1) was only communicating information to the Chapman defendants "with no authority to

represent them," (2) was providing the Chapman's response to plaintiff's demands "just as the messenger and not as their attorney," and (3) was "the messenger and not Maurissa and Ariele's attorney." Plaintiff's counsel responded to these statements by noting in an email: "I understand you are communicating this for the girls as a messenger and not their attorney." We reiterate that where an exhibit contradicts the allegations in a complaint, the exhibit controls." *Gagnon*, 2012 IL App (1st) 120645, ¶ 18. Even if there was any doubt on this matter, plaintiff has conceded both below and on appeal that Papiernik was not in fact acting as the attorney of the Chapman defendants with respect to this dispute.

¶ 22    Second and more fundamentally, even if Papiernik was acting as the Chapman defendants' attorney, Illinois law is clear that an attorney owes no duty to a non-client except in limited circumstances not at issue here. See, *Kopka v. Kamensky & Rubenstein*, 354 Ill. App. 3d 930, 934 (1st Dist. 2004) (*citing Pelham v. Griesheimer*, 92 Ill. 2d 13, 19 (1982)); *see also Gold v. Vasileff*, 160 Ill. App. 3d 125, 27 (1987) (holding that an "attorney owes a duty to a non-client only in the most limited circumstances"). Indeed, defendant has also conceded that no such duty to him can arise out of any legal representation Papiernik provided to the Chapman defendants.

¶ 23    Thus, we are left to contend with plaintiff's alternative argument—first raised in response to the motion to dismiss—that his complaint actually relies upon the duty of a party to avoid negligently conveying false information when the party is in the business of supplying information for the guidance of others in their business transactions. See *First Midwest Bank, N.A.*, 218 Ill. 2d at 335 ("Where, as here, purely economic damages are sought, this court has imposed a duty on a party to avoid negligently conveying false information only if the party is in the business of supplying information for the guidance of others in their business transactions.") There are again two problems with this argument.

¶ 24　First, Illinois is a fact-pleading jurisdiction. *Purmal v. Robert N. Wadington and Associates*, 354 Ill. App. 3d 715, 720 (2004) (Illinois requires a plaintiff to present a legally and factually sufficient complaint, alleging sufficient facts to state all the elements of the cause of action she raises). Therefore, although the plaintiff need not set forth evidence in the complaint, a plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006).

¶ 25　Here, the complaint contains no specific allegation that Papiernik was in the business of supplying information for the guidance of others in their business transactions, other than to generally note that he worked for Levin & Brend as an attorney and CPA. However, the complaint also specifically alleged that Levin & Brend was a firm specializing in *family law* and Papiernik was specifically alleged to have previously advised both plaintiff and the Chapman defendants only in personal matters. "In order to withstand a motion to dismiss based on section 2–615, a complaint must allege facts that set forth the essential elements of the cause of action." *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724 (2007). Absent allegations that a defendant was in the business of supplying information to aid a plaintiff in his business transactions, no set of facts can be proven which would entitle a plaintiff to relief for negligent misrepresentation and dismissal is proper. *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 236 (1991).

¶ 26　Second, even if the complaint did contain such allegations, we note again that Count III specifically asserts that Papiernik improperly "misrepresented that he was authorized to enter settlement negotiations with [plaintiff's] counsel" and "misrepresented that he had the authority to bind the Chapman Defendants to a settlement agreement." Once again, where an exhibit contradicts the allegations in a complaint, the exhibit controls. G*agnon*, 2012 IL App (1st) 120645, ¶ 18. Here, the exhibits attached to the complaint completely contradict these allegations.

¶ 27    For the foregoing reasons, Count III was properly dismissed and we therefore affirm the judgment of the circuit court.

¶ 28    Affirmed.