2022 IL App (2d) 220075-U
No. 2-22-0075
Order filed December 6, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DAVID A. BERTHA, | ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 20-L-17 |
| BRENDA WILLETT, RICHARD DVORAK, NICHOLAS FEDA, RACHELE CONANT, JEANINE FASSNACHT, MARGARET LEDVORA, and JILL GASPARAITIS, | ) | |
| Defendants-Appellees | ) | Honorable Thomas A. Meyer, |
| (Richard Dvorak, Defendant). | ) | Judge, Presiding |

JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court dismissed plaintiff's fourth amended complaint (alleging various theories against assistant public defenders and court reporters) because it (1) failed to state a cause of action and (2) was barred by affirmative defenses. However, for all but one of the dismissed counts, defendant focuses on the affirmative defenses and does not challenge the court's finding that those counts failed to state a cause of action. Therefore, we affirm the dismissals of those counts. As for the remaining count, we affirm its dismissal because the court properly found that it failed to state a cause of action.

¶ 2    Plaintiff, David A. Bertha, appeals *pro se* from the dismissal, with prejudice, of the counts in his fourth amended complaint that named (1) Kane County Assistant Public Defenders Brenda Willett, Nicholas Feda, and Rachele Conant (collectively, the public defender defendants) and (2) court reporters Jeanine Fassnacht, Margaret Ledvora, and Jill Gasparaitis (collectively, the court reporter defendants).  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The action giving rise to this appeal originated as a legal malpractice lawsuit against Willett and attorney Richard Dvorak, the only defendant against whom the action remains pending. Through four amendments, the other defendants were joined.  Plaintiff's fourth amended complaint was titled "Fourth Amended Complaint for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Civil Conspiracy."

¶ 5    Counts I through III of the fourth amended complaint sought recovery from the public defender defendants.  Count I alleged that after terminating their legal services, "Willett and Feda willfully engaged in a conspiracy to argue that [plaintiff] was unfit [for trial], with a wanton disregard for the emotional distress that they would inflict[.]"  Count II alleged that Willett and Feda were liable for furnishing false information to the trial court about plaintiff's reason for failing to appear at his scheduled fitness hearing.  Count III alleged that Conant, Willett, and Feda were "liable for conspiracy to commit the 'continuing or repeated tort' of intentional infliction of emotional distress."  According to count III, in 2015, Conant and Feda "worked in a concerted effort with prosecutors to argue that [plaintiff] was unfit to stand trial for trespassing."  Count III further alleged that in 2018, Conant and Willett "worked in a concerted effort with prosecutors to remand [plaintiff] into custody before his retrial for contempt, after he had already served his full sentence for contempt."  Conant and Feda allegedly again "work[ed] in a concerted effort with

prosecutors to argue that [plaintiff] was unfit in November 2019." In October 2020, the trial court appointed Conant as standby counsel for plaintiff's sentencing hearing. According to count III, "[Conant's] last act of misconduct occurred when she falsely claimed to the trial court that [plaintiff] did not have a then-pending lawsuit against her."

¶ 6     Count IV sought recovery from Dvorak for negligent infliction of emotional distress. Plaintiff alleged that Dvorak failed to attend a court appearance, resulting in plaintiff's arrest.

¶ 7     Counts V through VII sought recovery from the court reporter defendants. Count V alleged that Ledvora and Fassnacht "worked in a concerted effort with assistant state's attorneys to maliciously prosecute [plaintiff]." According to count V, Ledvora and Fassnacht "acted outside the scope of their employment when they provided prosecutors with evidence to use against [plaintiff]." Count VI alleged that Gasparaitis and Ledvora obstructed justice by omitting grand jury testimony from the record on appeal. Count VII alleged that Ledvora and Fassnacht "commit[ed] the 'continuing or repeated tort' of omitting transcripts from the record of his appeals."

¶ 8     The public defender defendants and the court reporter defendants filed separate motions to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)). In addition, the public defender defendants sought dismissal under section 2-615 (*id.* § 2-615) of the Code for failure to state a cause of action. They also sought dismissal under section 2-619(a)(9) (*id.* § 2-619(a)(9)) on the basis that the claims were barred by section 5 of the Public and Appellate Defender Immunity Act (Defender Immunity Act) (745 ILCS 19/5 (West 2020)), which provides, in pertinent part, that "[n]o *** assistant public defender *** acting within the scope of his or her employment or contract *** is liable for any damages in tort, contract, or otherwise, in which the plaintiff seeks damages by reason of legal or professional malpractice, except for willful

and wanton misconduct." Further, the public defender defendants sought dismissal under section 2-619(a)(9) because the action was not filed within one year of plaintiff's injury or his cause of action accrual, as required under section 8-101(a) of Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101(a) (West 2020)).

¶ 9    The court reporter defendants sought dismissal under section 2-615 of the Code for failure to state a cause of action. They also sought dismissal under section 2-619(a)(1) of the Code because the sovereign-immunity doctrine barred the claims against them.

¶ 10    Following a hearing, the trial court granted the motions. The trial court ruled from the bench that the counts against the public defender defendants and the court reporter defendants were speculative and conclusory and, thus, failed to state a cause of action. The trial court also ruled that the sovereign-immunity doctrine protected the court reporter defendants. On December 6, 2021, the trial court entered separate written orders granting the motions to dismiss. Each order recited that the pertinent complaint counts were dismissed with prejudice per sections 2-615 and 2-619(a)(1) of the Code, "as more fully stated on the record." Each order also recited that it was "a final and appealable order with no just reason for delaying either enforcement or appeal or both." Plaintiff unsuccessfully moved to vacate the dismissal orders and filed this timely appeal under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 11                                II. ANALYSIS

¶ 12    Section 2-619.1 of the Code permits a party to file a combined motion seeking dismissal under sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-619.1 (West 2020). "A section 2-615 motion attacks the legal sufficiency of the plaintiff's claims, while a section 2-619 motion admits the legal sufficiency of the claims but raises defects, defenses, or other affirmative matter, appearing on the face of the complaint or established by external submissions, that defeats the

action." *Aurelius v. State Farm Fire & Casualty Co.*, 384 Ill. App. 3d 969, 972-73 (2008). "A dismissal under either section 2-615 or section 2-619 is reviewed *de novo*." *Zahl v. Krupa*, 365 Ill. App. 3d 653, 658 (2006).

¶ 13    Plaintiff initially addresses the affirmative defenses raised by the public defender defendants in the portion of their motion to dismiss brought under section 2-619(a)(9) of the Code. Even though section 5 of the Defender Immunity Act (Act) immunizes assistant public defenders from liability for legal or professional malpractice, barring willful and wanton misconduct (745 ILCS 19/5 (West 2020)), plaintiff argues that section 5 Act does not bar his claims against the public defender defendants. Plaintiff further argues that those claims are not barred by the one-year statute of limitations for civil actions (other than those arising out of patient care) outlined in section 8-101(a) of the Tort Immunity Act (745 ILCS 10/8-101(a) (West 2020)). Finally, although the public defender defendants did not raise the issue in their motion to dismiss, plaintiff also argues that his contributory negligence does not bar his claims.

¶ 14    However, plaintiff completely ignores the primary reason why the trial court dismissed the counts against the public defender defendants—those counts failed to state a cause of action. That ruling was a sufficient basis for dismissing the claims against the public defender defendants regardless of the merits of their affirmative defenses. "[T]he appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts" (*McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15), and it is the appellant's burden to overcome that presumption (*id.*). Having failed to even address whether the fourth amended complaint stated a cause of action against the public defender defendants, plaintiff obviously has not met that burden. Therefore, we must affirm the dismissal of the claims against the public defender defendants.

¶ 15    As to the counts against the court reporter defendants, the trial court dismissed those counts because they (1) failed to state a cause of action and (2) were barred under sovereign-immunity principles.  Count V alleged that Ledvora and Fassnacht "worked in a concerted effort with assistant state's attorneys to maliciously prosecute [plaintiff]."  Plaintiff alleged that they did so by providing prosecutors with evidence against him.  Plaintiff argues that Levora and Fassnacht acted outside the scope of their employment; thus, the sovereign-immunity doctrine does not protect them.  Also, plaintiff does not address the trial court's ruling that plaintiff failed to state a cause of action.  Thus, the dismissal of count V must be affirmed for the same reason that the dismissal of counts I through III must be affirmed—plaintiff failed to overcome the presumption that the trial court correctly ruled that count V failed to state a cause of action.

¶ 16    Count VI alleged that "[Gasparaitis] and Ledvora obstructed justice when they omitted grand jury testimony from the record on appeal."  We conclude that the trial court properly dismissed count VI for failure to state a cause of action.  When a party moves to dismiss under section 2-615, the question is "whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted."  *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25.  Obstructing justice is a criminal offense.  720 ILCS 5/31-4 (West 2020).  A person obstructs justice when, *inter alia*, that person knowingly conceals physical evidence.  *Id.* § 31-4(a)(1).  Plaintiff argues that there is an implied private right of action for obstructing justice.  That proposition is dubious because it is generally unnecessary to imply a private right of action based on a criminal statute where the statute provides penalties that are likely to be sufficient incentives for compliance

with the statute. *Moore v. Lumpkin*, 258 Ill. App. 3d 980, 999 (1994). Obstructing justice is subject to harsh punishment as a Class 4 felony. 720 ILCS 5/31-4(b)(1) (West 2020).

¶ 17 In any event, the mere omission of the grand jury transcript from the record on appeal was not "concealment." Leaving aside the question of whether a grand jury transcript is "physical evidence," we note that, for purposes of the obstructing justice statute, "conceal" means " '1: to prevent disclosure or recognition of: avoid revelation of: refrain from revealing: withhold knowledge of: draw attention from: treat so as to be unnoticed ***' *** '2: to place out of sight: withdraw from being observed: shield from vision or notice ***.' " *People v. Comage*, 241 Ill. 2d 139, 144 (2011) (quoting Webster's Third New International Dictionary 469 (1961)). The conduct alleged in count VI does not meet these definitions, which is especially apparent from the email from Gasparaitis to plaintiff that he attached to his complaint. The email advised plaintiff, "The Grand Jury [transcript] is not part of the court record that is sent up for appeal. I believe the State's Attorneys [*sic*] Office would provide that to you as you are *pro se*."[1] Thus, rather than conceal the grand jury transcript, Gasparaitis attempted to assist plaintiff in gaining access to the transcript. Accordingly, the trial court correctly dismissed Count VI.

¶ 18 Plaintiff does not argue that the trial court erred in dismissing count VII. Accordingly, he has forfeited review of the issue. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited ***.").

¶ 19                                III. CONCLUSION

¶ 20 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

---

[1]It is well established that exhibits attached to the complaint "are considered part of the pleading for every purpose." *Dratewska-Zator v. Rutherford*, 2013 IL App (1st) 122699, ¶ 14.

¶ 21     Affirmed.